

Timothy Barnes
590 South Greenwood Rd.
Independence, Oregon 97351
503-585-9517

FILED'11 FEB 4 12:17USDC-ORP

# UNITES STATE DISTRICT COURT
## DISTRICT OF OREGON

| | |
|---|---|
| **TIMOTHY BARNES**, an individual<br><br>PLAINTIFF,<br><br>-vs-<br><br>**CHASE HOME FINANCE, LLC,**<br>a Delaware Corp.<br>**CHASE BANK USA, N.A.**,<br>a subsidiary of JP Morgan Chase &<br>Co., a Delaware Corp.<br>**IBM LENDER BUSINESS<br>PROCESS SERVICES, INC.,**<br>a Delaware Corp.,<br>**JOHN AND JANE DOES 1 – 10** | Case No.:<br>**CV'11 - 142   PK**<br><br>**VERIFIED COMPLANT FOR<br>RESCISSION, AND MONEY<br>DAMAGES;**<br>**JURY TRIAL DEMAND** |

1.  Plaintiff Timothy Barnes, an individual, brings this action against Defendants

    Chase Bank USA, N.A., Chase Home Finance, LLC, IBM Lender Business

    Process Services, Inc., and John and Jane Does 1 – 10 (collectively "Defendants")

    to:

    a) Acknowledge and enforce his substantive rescission rights;

    b) Rescind and cancel a Deed of Trust security interest;

    c) Reimburse all fees and costs paid in a *consumer credit transaction* pursuant to

       *material* violations of the federal Truth in Lending Act, 15 U.S.C. §§ 1601 *et*

       *seq.* ("TILA"), and its implementing regulations at 12 C.F.R. § 226 *et seq.*

       ("Reg. Z").

1
VERIFIED COMPLAINT FOR RESCISSION, AND MONEY DAMAGES; JURY TRIAL
DEMAND

# 38536

2.  Indeed, a rescission action may be brought against an assignee, regardless of whether the assignee is a "creditor" or whether the violation was apparent on the face of the disclosure statement under 15 U.S.C. § 1641(c).

3.  The Defendants are proper parties to be sued for claims arising out of the subject transaction when Defendants are attempting to enforce *contractual obligations*, and the Plaintiff is asserting a rescission claim under TILA; Reg. Z for defective rescission notices, a material disclosure violation.

4.  Plaintiff also seeks a declaration that his written rescission notice and claim is valid herein, and that Defendants are enjoined from enforcing an invalid security interest in Plaintiff's home.

## II. Parties

5.  Plaintiff Timothy Barnes ("Plaintiff") is consumer and natural person as that term is defined under 15 U.S.C. § 1602(h). Plaintiff has rights as a citizen domiciled here in Oregon, and is the owner of the *principal dwelling* known as 590 South Greenwood Rd., Independence, Oregon 97351 (the "Property"). Plaintiff resides on the Property as his family home.

6.  Defendant CHASE HOME FINANCE, LLC ("CHF") is a Delaware Limited Liability Company, a successor by merger to Chase Manhattan Mortgage Corp. with its principal place of business located at 194 Wood Avenue South, Iselin, New Jersey 08830. Chase is a wholly owned operating subsidiary of JPMorgan

Chase Bank, N.A and an assignee of the subject obligation. CHF is not authorized to do business in Oregon and may be served with service of process by serving the Officer in Charge at its principal office c/o Chase Home Finance, LLC, Stephen J. Rotella, CEO, 194 Wood Avenue South, 2nd Floor, Iselin, New Jersey 08830, and by serving the Oregon Secretary of State, 255 Capital Street NE, Suite 151, Salem, Oregon 97310.

7. Defendant Chase Bank USA, N. A. ("Chase") is a subsidiary of the financial holding company JP Morgan Chase & Co. incorporated under Delaware Law. Chase is not authorized to do business in Oregon and may be served with service of process by serving the Officer in Charge at its principal office c/o JP Morgan Chase & Co., James Dimon, CEO, 270 Park Ave., 38th Floor, New York, New York 10017 and by serving the Oregon Secretary of State, 255 Capital Street NE, Suite 151, Salem, Oregon 97310.

8. IBM Lender Business Process Services, Inc., ("LBPS"), a Delaware Corp. is doing business in Oregon with minimum contacts in this forum. LBPS is an assignee joined and needed for just adjudication and may be served with service of process by serving the Officer in Charge at its principal office c/o , IBM Lender Business Process Services, Inc., Afzal Assur, President, 8501 IBM Dr. Bldg. 201, Suite 2DD 188, Charlotte, North Carolina 28262 and by serving its statutory agent CT Corporation System, 388 State Street, Suite 420, Salem, Oregon 97301.

9. Defendants John and Jane Does 1-10 are involved in the instant case and transaction and are currently unknown to Plaintiff. Said entities will be joined upon further discovery of their true nature and liability once these facts are known and supported by competent evidence.

### III. Jurisdiction/Venue

10. This Court has Jurisdiction in this proceeding pursuant to 28 U.S.C. § 1331, pursuant to 15 U.S.C. § 1640(e) for TILA rescission claims, and authority to issue a declaratory judgment by virtue of 28 U.S.C. § 2201.

11. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 generally whereby the real property and a substantial part of the events and claims, the subject of this suit, are situated in this district.

### IV. Conditions Precedent

12. All conditions precedent have been performed or have occurred, and TILA; Reg. Z *material* disclosure violations may be asserted affirmatively in a rescission claim. The mere loss of a statutory right to disclosure is an injury that gives the Plaintiff standing for Article III purposes. Plaintiff has standing as of the date of the consumer credit contract and where this credit contract is a federally related mortgage transaction governed by TILA, Reg. Z.

### VI. Statement of Facts

13. On or about October 4, 1997, Plaintiff via telephone sought an application for a mortgage loan through a broker, Revere Mortgage Services Corp. Plaintiff explained to the broker that the subject mortgage loan application was for personal use, and to cash out the value of his home.

14. The mortgage loan application was approved without employment income verification, based upon the appraised asset value of Plaintiff's home.

15. At no time during this application and approval process did the broker or Chase provide any Good Faith Estimate or early written disclosures describing the subject toxic transaction.

16. On the exact date of November 15, 2007, the federally related mortgage transaction at the root of this case was closed (the "Closing) with Chase's settlement agent, whereby relevant documents were signed and executed.

17. Accordingly, Chase is a creditor as that term is defined under 15 U.S.C. § 1602(f); Reg. Z § 226.2(a)(17) and at all times relevant hereto was regularly engaged in the business of extending consumer credit for which a finance charge is or may be imposed and is payable in more than four installments by written agreement.

18. At the Closing, Plaintiff consummated the subject toxic mortgage loan (the "Transaction") with a principal sum of $378,250.00 secured by a Deed of Trust covering real property described therein, then and now the primary *principal dwelling* and home of the Plaintiff.

5
VERIFIED COMPLAINT FOR RESCISSION, AND MONEY DAMAGES; JURY TRIAL DEMAND

19. Plaintiff unwittingly signed all purported documents at the Closing as instructed by the Chase closing agent, First American Title Company of Oregon. Plaintiff was then provided with copies of multiple documents in connection with this Transaction, attached hereto and incorporated fully herein as Exhibit 1:

   a. A Temporary Mortgage Payment Coupon,
   b. A Borrower's Settlement Statement,
   c. A HUD – 1 Settlement Statement with a supplemental page
   d. A Deed of Trust security instrument,
   e. A Balloon Note
   f. A Closing Instructions document;
   g. Two (2) unsigned copies of Notice of Right to Cancel
   h. Two (2) unsigned copies of a Truth in Lending Disclosure Statement

20. The Transaction required Plaintiff to pay money arising out of a transaction in which money, property, or goods and services were the subject thereof and the same were primarily for personal, family and household purposes.

21. The Deed of Trust security interest was not created to finance the acquisition or initial construction of Plaintiff's Property and paid off multiple consumer debts.

22. The Plaintiff contends that under TILA, Chase is required to provide all content disclosure requirements set forth in 15 U.S.C. § 1635(a), and 15 U.S.C. § 1638, 1602(u); Reg. Z §§ 226.17 – 226.23 in a clear and conspicuous manner.

23. The documents specifically identified in paragraph 19 above, and provided in connection with this Transaction all failed in one or more material respects to

disclose to the Plaintiff in a form and manner required by applicable statute and regulation, the true nature and cost of this Transaction.

24. For example, if the Notice of Right to Cancel is defective, and it is, or material TILA Disclosure Statements are not delivered, or if they are inaccurate, the Plaintiff's right to rescind may be extended from three days to three years under 15 U.S.C. § 1635(f); Reg. Z § 226.23(a)(3).

25. Specifically, the Notice of Right to Cancel provided to the Plaintiff in connection with this Transaction is clear and convincing evidence that the date rescission rights terminate is inaccurate and contrary to Reg. Z § 226.23(b)(1)(v).

26. Thus Plaintiff is entitled to rescind because Chase failed to deliver the required accurate rescission notice content specified under Reg. Z § 226.23(b)(1)(v).

27. Accordingly, Chase ratified this Transaction with defective Notice(s) of Right to Cancel disclosure.

28. Upon information and belief, CHF purchased the Transaction as an assignee and Servicer and maintains a pecuniary interest in the Transaction while collecting monthly payments from the Plaintiff.

29. Plaintiff alleges that under TILA, section 1641(e)(1), which applies to real-estate secured transaction, the assignee is liable for any violation which is "apparent on the face of the disclosure statement provided in connection with such transaction pursuant to this subchapter." TILA only requires disclosure

VERIFIED COMPLAINT FOR RESCISSION, AND MONEY DAMAGES; JURY TRIAL DEMAND

statements be provided to consumers, and only that disclosure statement is provided "in connection with such transaction pursuant to this subchapter." Therefore, the assignee is liable for any TILA violation apparent on the TILA disclosures *provided to the consumer.* (emphasis)

30. Therefore, these Defendants knew or should have known that the *material* disclosures provided in connection with this Transaction were defective, improper and insufficient regarding effective Notice of Right to Cancel. The Notice of Right to Cancel is clearly defective because it omitted an accurate date of the Transaction and the date rescission rights terminate.

31. The failure to properly provide accurate and proper rescission notices in connection with this Transaction from origination to present is a failure to provide a *material* disclosures as that term is defined under 15 U.S.C. § 1602(u); Reg. Z § 226.23(a)(3) n.48; and 15 U.S.C. § 1635(a); Reg. Z § 226.23(b).

32. The foregoing failures to provide said *material* disclosures under TILA statutorily extends Plaintiff's right to rescind for three-years (3) under 15 U.S.C. § 1635(f).

33. In the month of June, 2010, Plaintiff requested a copy of the subject Transaction from the title company that participated at the Closing, First American Title Co., of Oregon.

VERIFIED COMPLAINT FOR RESCISSION, AND MONEY DAMAGES; JURY TRIAL DEMAND

34. The copy obtained from said title company has a forged Notice of Right to Cancel with forged initials and forged dates, copy attached hereto and incorporated fully herein by reference as Exhibit 2.

35. Plaintiff will provide under oath testimony and submit to a handwriting expert that the forged initials and forged date changes are not the disclosures provided to Plaintiff at the Closing in connection with this Transaction and are without Plaintiff's consent.

36. On August 4, 2010 and within 3 years, Plaintiff sent a written Rescission Notice to all known interested Parties by U.S. Postal Service certified mail, copies attached hereto and incorporated as if fully stated herein by reference as Exhibit 3.

37. Defendants received Plaintiff's Rescission Notice according to the certified mail return receipts, Exhibit 4.

38. The Notice to Rescind surrenders the value of the Property, requests a full accounting, and offered tender restoring all interested parties to the *status quo ante*, Exhibit 3.

39. Chase and CHF utterly failed to respond to Plaintiff's written Rescission Notice and failed to seek judicial guidance as to the rights and obligations of the parties.

40. After receipt of Plaintiff's written Rescission Notice, Plaintiff received a letter from Chase describing a Servicer transfer to LBPS, copy attached hereto and incorporated fully herein by reference as Exhibit 5

41. Upon information and belief, LBPS now has an ownership interest in the subject Transaction as an assignee.

42. Chase and CHF have failed to timely seek judicial guidance and fully comply with Plaintiffs' written notice to rescind the Transaction, and failed to identify the true owner.

43. Each of the Chase and CHF responses, communications and omissions intentionally imposed on the Plaintiff contradict the requirements set forth by 15 U.S.C. § 1635(b); Reg. Z § 226.23(d) and refuse Plaintiff's tender.

44. Subsequent thereto, a letter dated January 21, 2011 from LBPS, was received in the mail by Plaintiff, copy attached hereto and incorporated fully herein by reference as Exhibit 6.

45. The LBPS letter, Exhibit 6, intentionally contradicts the requirements set forth by 15 U.S.C. § 1635(b); Reg. Z § 226.23(d) and refuses Plaintiff's tender.

46. A controversy and dispute has now arisen due to Defendants failure to credit all previous payments so that Plaintiff may tender any balance and extinguish the Transaction by operation of law.

47. The foregoing acts and omissions of Chase and CHF are undertaken willfully, persistently, intentionally, knowingly, and/or in gross or reckless disregard of Plaintiff's substantive rights.

## VI. Claims for Relief

### Count 1 – Rescission under TILA & Reg. Z Against Defendants

48. Plaintiffs incorporate each paragraph set forth above as if fully stated herein.

49. As a result of Defendants failure to provide accurate *material* disclosures correctly with a proper Notice of Right to Cancel described above, Plaintiff is entitled and has exercised his substantive right to rescind the Transaction under 15 U.S.C. § 1635(a).

50. A rescission action may be brought against an assignee, regardless of whether the assignee is a "creditor" or whether the violation was apparent on the face of the disclosure statement under 15 U.S.C. § 1641(c).

51. Therefore, TILA makes the assignee liable for any violation which is "apparent on the face of the disclosure statement provided in connection with such transaction pursuant to this subchapter." 15 U.S.C. § 1641(e)(1).

52. The original payee of the Note, Chase, and subsequent beneficiary or assignee, CHF, LBPS acted in contravention of TILA, Reg. Z in the following particulars, each and all of which may be asserted affirmatively in this rescission claim

53. The *material* disclosures provided to the Plaintiffs in connection with this Transaction violated the requirements of TILA; Reg. Z in the following respects:

    a. By failing to provide accurately the expiration date rescission rights terminate in violation of Reg. Z § 226.23(b)(5).

    b. By failing to provide all required disclosures prior to consummation of the transaction in violation of 15 U.S.C. § 1638(b) and Reg. Z § 226.17(b),

    c. By failing to make required rescission disclosures 'clearly and conspicuously' in writing in violation of 15 U.S.C. § 1632(a) and Reg. Z § 226.17(a)(1),

    d. By failing to

54. Rescission of the Transaction extinguishes any liability Plaintiff has to Defendants for finance or other charges arising from the Transaction.

55. Defendants had twenty-days (20) and failed to refund or credit this account all monies paid and to void the security interest, or seek judicial guidance as required by 15 U.S.C. § 1635(b); Reg. Z § 226.23(d)(2).

56. The performance of Defendants is a condition precedent to Plaintiff's duty to tender and their failure to lawfully respond within twenty-days (20) gives rise to statutory and actual damages under 15 U.S.C. § 1640.

57. Any further acts to enforce an invalid security instrument and impose finance charges and fees are wrongful, improper, and a serious breach of fiduciary duty

associated with Defendants' obligations. Such acts violate TILA; Reg. Z, and are contrary to the explicit statutory requirements and contract between the parties.

58. Said acts entitle Plaintiffs to statutory and actual relief, orders enforcing rescission, and a reasonable attorney fee.

### Count 2 – Declaratory Judgment That Defendants' Security Interest Lien on Plaintiffs' Home is Void

59. Plaintiff incorporates each paragraph set forth above as if fully stated herein.

60. Pursuant to Reg. Z § 226.23(a)(2), Plaintiff has exercised his rescission right *in writing*, either by notifying the creditor of the cancellation by mail, telegram, or other means.

61. Under 15 U.S.C. § 1641(c) *Right of rescission by consumer unaffected*, and pursuant to 15 U.S.C. § 1635(b), upon receipt of Plaintiff's written rescission notice, the Deed of Trust security interest became void by operation of federal law.

62. Plaintiff is entitled and requests a declaration that the subject Deed of Trust Security Interest is void.

63. Plaintiff also requests this Court in the alternative, order a new security interest solely on the Plaintiff's post-rescission tender obligation, when the Defendants prove that equities warrant a modification of the normal rescission process.

### VII. Jury Trial Demand

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and hereby demands a trial by jury.

## VIII. Prayer for Relief

WHEREFORE, as a result of the violations of TILA, pursuant to 15 U.S.C. §§ 1635(a), 1640(a), 1641(c), Plaintiff prays for judgment against Defendants as follows:

1. A Declaration that Plaintiff's Rescission is valid, and a termination of any security interest in Plaintiff's Property created under the Transaction,

2. Return of any money or property given by the Plaintiff to anyone, including all Defendants, in connection with this Transaction,

3. Statutory damages of no less than $2,000 for the disclosure violations as provided under 15 U.S.C. § 1640,

4. Statutory damages of no less than $4,000 for Defendants' failure to respond properly to Plaintiff's written rescission notice,

5. Enjoin Defendants during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining a non-judicial foreclosure proceeding on the Plaintiff's Property, from recording any deeds or mortgages regarding the Property or from otherwise taking any steps to deprive Plaintiff of ownership of the Property,

6. Order that, if Defendants fail to further respond lawfully to Plaintiff's rescission claim, Plaintiff has no duty to tender, but in the alternative, if tender is required, determine the amount of the tender obligation in light of Plaintiff's

claims, and order Defendants to accept tender on reasonable terms and over a reasonable period of time,

7. Actual damages in an amount to be determined at trial,

8. Reasonable attorney fee and costs of suit,

9. For such other and further relief as the Court may deem just and proper.

## Verification

I further affirm that the foregoing statements made by me are true to the best of my knowledge, information and belief and that if any are willfully false, I am subject to penalty.

Dated:      January ___, 2011

By _____
Timothy Barnes
590 South Greenwood Rd.
Independence, Oregon 97351
503-585-9517
Tim@westsidelandscape.com