IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


TIMOTHY BARNES,                          11-CV-142-PK

         Plaintiff,                      ORDER

v.

CHASE HOME FINANCE, LLC;
CHASE BANK USA, N.A.; IBM
LENDER BUSINESS PROCESS
SERVICES, INC.; and JOHN AND
JANE DOES 1-10,

         Defendants.


BROWN, Judge.

     Magistrate Judge Paul Papak issued Findings and

Recommendation (#38) on June 10, 2011, in which he recommended

the Court (1) grant Defendant IBM Lender Business Process

Services's Motion (#25) to Dismiss Plaintiff's claim for

rescission for lack of subject-matter jurisdiction and each of

Plaintiff's remaining claims for failure to state a claim and

(2) deny the Motion (#20) to Dismiss for failure to state a claim

1 - ORDER

by Defendants Chase Home Finance and Chase Bank USA (Chase Defendants) as moot.  Plaintiff, *pro se*, filed timely Objections (#43) to the Findings and Recommendation.  The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

Also before the Court is Plaintiff's Motion (#46) to Take Judicial Notice, which Plaintiff filed on July 11, 2011, after he filed his Objections to the Findings and Recommendation.

For the reasons that follow, the Court **declines to adopt** Magistrate Judge Papak's Findings and Recommendation and returns this matter to the Magistrate Judge for further proceedings consistent with this Order including whether to address the remaining grounds for dismissal raised by Defendants in their Motions to Dismiss that were rendered moot in the June 10, 2011, Findings and Recommendation.

<u>**BACKGROUND**</u>

On February 4, 2011, Plaintiff filed his Complaint in this Court.  Plaintiff seeks relief for Defendants' alleged violations of the Truth in Lending Act (TILA), 15 U.S.C. § 1601, *et seq*., related to the residential-mortgage loan Plaintiff accepted from Defendant Chase Bank USA in November 2007.

The Court must construe Plaintiff's Complaint liberally. Viewing Plaintiff's Complaint in this light, Plaintiff brings the

2 - ORDER

following claims against Defendants:  (1) for rescission of his residential-mortgage loan under TILA § 1635(a) due to inaccuracies on the required Notice of Right to Cancel; (2) for a declaration that Plaintiff validly rescinded his home-mortgage loan and, therefore, that the security interest in Plaintiff's home that secures his residential-mortgage loan is void; (3) for injunctive relief to enjoin Defendants from initiating nonjudicial foreclosure on his residence; (4) for statutory and actual damages resulting from Defendant Chase Bank USA's allegedly deficient Notice of Right to Cancel disclosures under TILA § 1640; and (5) for statutory and actual damages for Defendants' failure to effect Plaintiff's demand for rescission.

On March 29, 2011, Chase Defendants filed their Motion (#20) to Dismiss Plaintiff's claim for rescission as untimely.

On April 13, 2011, Defendant IBM filed its Motion (#25) to Dismiss Plaintiff's Complaint for failure to state a claim and for lack of subject-matter jurisdiction.

On June 10, 2011, the Magistrate Judge issued Findings and Recommendation in which he recommends the Court dismiss Plaintiff's Complaint in its entirety.

On June 23, 2011, Plaintiff filed timely Objections to the Findings and Recommendation.  Defendant IBM and Chase Defendants filed separate Responses to Plaintiff's Objections.

On July 11, 2011, Plaintiff filed his Motion (#46) to Take

3 - ORDER

Judicial Notice to which Chase Defendants filed a Response
opposing the Motion.  Defendant IBM joined in Chase Defendants'
Response.


## DISCUSSION

I.  **Plaintiff's Motion to Take Judicial Notice.**

Plaintiff requests the Court to take judicial notice of
"district court and bankruptcy proceedings interpreting TILA
rescission claims, the Federal Reserve Board's Official Staff
Commentary § 226.23(d) Effects of Rescission, and the
specific published research authorities by Elizabeth Renuart and
Kathleen Keest, Truth in Lending, § 6.3.2.1 and 6.9.3 (National
Consumer Law Center 6th Ed. 2007 & Supp. 2008), The Extended
Right to Rescind and Damages for Rescission Violations, *Id*."

Although Chase Defendants object on the ground that
Plaintiff's Motion is essentially another pleading in response to
the Findings and Recommendation, the Court, nevertheless,
considers Plaintiff's Motion solely as a request for the Court to
take judicial notice of two legal opinions, regulatory
commentary, and academic materials explaining the right of
rescission under TILA.  Plaintiff does not request the Court to
notice any particular adjudicative facts.

A court properly may take judicial notice of pleadings filed
in other actions.  *See Burbank-Glendale-Pasadena Airport*

4 - ORDER

*Authority v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998)
(court took judicial notice of pleadings filed in a related
state-court action).  The existence and content of opinions and
pleadings are matters capable of accurate and ready determination
by resort to official court files that cannot reasonably be
questioned.  *See* Fed. R. Evid. 201(b)(2).

    Here the Court need not take judicial notice to consider
these materials in their proper legal context when resolving
Plaintiff's Objections to the Findings and Recommendation.
Accordingly, the Court denies Plaintiff's Motion (#46) to Take
Judicial Notice.

**II.  Plaintiff's Objections to the Findings and Recommendation as to IBM's Motion to Dismiss.**

    Plaintiff objects to the Magistrate Judge's recommendation
to grant Defendant IBM's Motion to Dismiss Plaintiff's claim for
rescission for lack of subject-matter jurisdiction, for failure
to state a claim for declaratory and injunctive relief, and for
damages resulting from Defendants' alleged failure to effect
Plaintiff's notice of rescission.

    When any party objects to any portion of the Magistrate
Judge's Findings and Recommendation, the district court must make
a *de novo* determination of that portion of the Magistrate Judge's
report.  28 U.S.C. § 636(b)(1).  *See also United States v. Reyna-
Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*); *United
States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988).  For

5 - ORDER

those portions of the Findings and Recommendation to which the parties do not object, the Court is relieved of its obligation to review the record *de novo* as to this portion of the Findings and Recommendation. *Reyna-Tapia*, 328 F.3d at 1121.

**A.   Standards.**

**1.   Motion to Dismiss.**

> To survive a motion to dismiss [under Rule
> 12(b)(6)], a complaint must contain
> sufficient factual matter, accepted as true,
> to "state a claim to relief that is plausible
> on its face." [*Bell Atlantic v. Twombly*, 550
> U.S. 554,] 570, 127 S. Ct. 1955.  A claim has
> facial plausibility when the plaintiff pleads
> factual content that allows the court to draw
> the reasonable inference that the defendant
> is liable for the misconduct alleged.  *Id*. at
> 556 . . . .  The plausibility standard is not
> akin to a "probability requirement," but it
> asks for more than a sheer possibility that a
> defendant has acted unlawfully.  *Ibid*.  Where
> a complaint pleads facts that are "merely
> consistent with" a defendant's liability, it
> "stops short of the line between possibility
> and plausibility of 'entitlement to relief.'"
> *Id*. at 557, 127 S. Ct. 1955 (brackets
> omitted).

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  *See also Bell Atlantic v. Twombly*, 550 U.S. 554, 555-56 (2007).  The court must accept as true the allegations in the complaint and construe them in favor of the plaintiff.  *Intri-Plex Tech., Inc. v. Crest Group, Inc*., 499 F.3d 1048, 1050 n.2 (9th Cir. 2007).  "The court need not accept as true, however, allegations that contradict facts that may be judicially noticed by the court." *Shwarz v.*

6 - ORDER

*United States*, 234 F.3d 428, 435 (9th Cir. 2000)(citations omitted).  The court's reliance on judicially-noticed documents does not convert a motion to dismiss into a summary-judgment motion.  *Intri-Plex*, 499 F.3d at 1052.

"[A] complaint may survive a motion to dismiss only if, taking all well-pleaded factual allegations as true, it contains enough facts to 'state a claim to relief that is plausible on its face.'" *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010)(quoting *Iqbal*, 129 S. Ct. at 1949, and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A *pro se* plaintiff's complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  Thus, the court must construe *pro se* filings liberally.  If a plaintiff fails to state a claim, "[l]eave to amend should be granted unless the pleading 'could not possibly be cured by the allegation of other facts,' and should be granted more liberally to *pro se* plaintiffs." *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003)(quoting *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir. 2000)).

## 2. TILA.

TILA is a consumer-protection law enacted in 1968 to ensure that consumers are able to make informed choices as to their use of credit.  *See* 15 U.S.C. § 1601(a).  As a consumer-protection statute, TILA is liberally construed in favor of

7 - ORDER

consumers and is strictly enforced against creditors.  *Rubio v. Capital One Bank*, 613 F.3d 1195, 1202 (9th Cir. 2010).  TILA requires creditors to make certain disclosures to borrowers, and the failure to do so gives the borrowers certain rights to rescind the loan transaction and to make claims for damages.  15 U.S.C. §§ 1635, 1640.[1]  Actions for damages under § 1640 are subject to a one-year statute of limitations.  15 U.S.C. § 1640(e).  A borrower who has secured a loan with his primary residence has the right to rescind the transaction until midnight on the third business day following consummation of the transaction or from the date of delivery of the forms required by TILA.  15 U.S.C. § 1635(a).  "[N]otwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor," a borrower's rescission remedy expires after three years from the date of the transaction.  15 U.S.C. § 1635(f).

### B.  Analysis.

Neither party raises any objection to that portion of the Findings and Recommendation in which the Magistrate Judge recommends the Court grant Defendant IBM's Motion to Dismiss Plaintiff's claim for damages resulting from the alleged deficiencies in the original Notice of the Right to Cancel on the

---

[1] TILA is implemented by "Regulation Z," 12 C.F.R. §§ 226.1, *et seq.*, which is promulgated by the Board of Governors of the Federal Reserve.

ground that Plaintiff's damages claim is barred by the applicable
one-year statute of limitations.  Plaintiff, however, objects to
the balance of the Magistrate Judge's recommendation to grant
IBM's Motion to Dismiss as to each of Plaintiff's remaining
claims.  Specifically, Plaintiff objects on the following
grounds:  (1) his claim for rescission is not time-barred by the
three-year limitation in § 1635(f), (2) Plaintiff has provided
sufficient facts to support his allegation that Chase Bank
USA's Notice of Right to Cancel was materially defective, and
(3) Plaintiff has stated a claim for damages for Defendants'
failure to effect Plaintiff's notice of rescission.

### 1.    Timeliness of Plaintiff's Claim for Rescission.

Plaintiff objects to the Magistrate Judge's
recommendation that Plaintiff's claim for rescission is time-
barred.  Plaintiff asserts in his Complaint that he was entitled
under TILA to a three-year period in which he could exercise his
right to rescind the home-mortgage loan he consummated with
Defendant Chase Bank USA because the Notice of the Right to
Cancel that Chase Bank provided to Plaintiff contained material
errors.  As noted, under TILA a person who takes a loan secured
by an interest in his principal residence has the right to
rescind the transaction until midnight on the third business day
following consummation of the transaction or from the date of
delivery of the forms required by TILA.  15 U.S.C. § 1635(a).

9 - ORDER

If, however, a lender does not provide the correct notice explaining Plaintiff's rights, the right of rescission is extended and expires three years after consummation of the transaction.  15 U.S.C. § 1635(f); 12 C.F.R. § 226.23(3).

The Magistrate Judge recommended the Court grant IBM's Motion to Dismiss on the ground that Plaintiff's claim for rescission is time-barred by the three-year time limit on Plaintiff's right of rescission under TILA, which, in turn, deprives the Court of subject-matter jurisdiction over Plaintiff's claim.  The Magistrate Judge found Plaintiff's loan closed on November 14, 2007,[2] and Plaintiff filed this matter on February 4, 2011, more than three years after consummation of the loan transaction.  Thus, the Magistrate Judge recommends granting Defendant IBM's Motion to Dismiss Plaintiff's rescission claim under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction.

The Magistrate Judge found the three-year limitation on the right of rescission set out in § 1365(f) is an ultimate statute of repose as to Plaintiff's right to seek a rescission remedy in court.  The Magistrate Judge relies on the Supreme

---

[2] The parties dispute whether the loan closed on November 14 or November 15, 2007.  The Court addresses that dispute below as the subject of Plaintiff's second Objection.  For the purposes of this Objection, however, the Court need not resolve the dispute because the difference of a single day is not determinative of Plaintiff's first Objection to the Findings and Recommendation.

10 - ORDER

Court's decision in *Beach v. Ocwen Federal Bank* in which the

Court held:

> The issue here is not whether limitation
> statutes affect recoupment rights, but
> whether § 1635(f) is a statute of limitation,
> that is, "whether [it] operates, with the
> lapse of time, to extinguish the right which
> is the foundation for the claim" or "merely
> to bar the remedy for its enforcement."
> *Midstate Horticultural Co. v. Pennsylvania R.
> Co.*, 320 U.S. 356, 358-359, and n. 4, 64 S.
> Ct. 128, 129-130, and n. 4, 88 L. Ed. 96
> (1943). The "ultimate question" is whether
> Congress intended that "the right shall be
> enforceable in any event after the prescribed
> time," *id.*, at 360, 64 S. Ct., at 130;
> *accord, Burnett v. New York Central R. Co.*,
> 380 U.S. 424, 85 S. Ct. 1050, 13 L. Ed. 2d
> 941 (1965), and in this instance, the answer
> is apparent from the plain language of
> § 1635(f). *See Good Samaritan Hospital v.
> Shalala*, 508 U.S. 402, 409, 113 S. Ct. 2151,
> 2156-2157, 124 L. Ed. 2d 368 (1993).
>
> The terms of a typical statute of
> limitation provide that a cause of action may
> or must be brought within a certain period of
> time. So, in *Reiter v. Cooper, supra*, at
> 263-264, 113 S. Ct., at 1217-1218, we
> concluded that 49 U.S.C. § 11706(c)(2),
> providing that a shipper "'must begin a
> civil action to recover damages under
> [§ 11705(b)(3)] within two years after the
> claim accrues,'" was a statute of limitation
> raising no bar to a claim made in recoupment.
> *See Note, Developments in the Law: Statutes
> of Limitations*, 63 *Harv. L. Rev.* 1177, 1179
> (1950)(most statutes of limitation provide
> either that "all actions . . . shall be
> brought within" or "no action . . . shall be
> brought more than" so many years after "the
> cause thereof accrued" (internal quotation
> marks omitted)); H. Wood, 1 *Limitation of
> Actions* § 1, pp. 2-3 (4th ed. 1916)
> ("[S]tatutes which provide that no action
> shall be brought, or right enforced, unless

brought or enforced within a certain time,
are . . . statutes of limitation").

* * *

Section 1635(f), however, takes us
beyond any question whether it limits more
than the time for bringing a suit, by
governing the life of the underlying right as
well.  The subsection says nothing in terms
of bringing an action but instead provides
that the "right of rescission [under the Act]
shall expire" at the end of the time period.
It talks not of a suit's commencement but of
a right's duration, which it addresses in
terms so straightforward as to render any
limitation on the time for seeking a remedy
superfluous.  There is no reason, then, even
to resort to the canons of construction that
we use to resolve doubtful cases, such as the
rule that the creation of a right in the same
statute that provides a limitation is some
evidence that the right was meant to be
limited, not just the remedy.  *See Midstate
Horticultural Co., supra*, at 360, 64 S. Ct.,
at 130; *Burnett, supra*, at 427, n. 2, 85 S.
Ct., at 1054 n. 2; *Davis v. Mills*, 194 U.S.
451, 454, 24 S. Ct. 692, 693-694, 48 L. Ed.
1067 (1904).

523 U.S. 410, 416-17 (1998).  The defendant-borrower in *Beach*,

without having sent a notice of rescission within the three-year

statutory period, sought to raise rescission as an affirmative

defense to the bank's foreclosure action approximately five years

after consummation of the loan transaction.  *Id.* at 412-14.

In *Miguel v. Country Funding Corp.*, the Ninth Circuit

addressed a similar situation in which it determined the

plaintiff's rescission claim was untimely because the plaintiff

had not provided a notice of rescission to the proper party.  309

12 – ORDER

F.3d 1161, 1162-63 (9th Cir. 2002).  After quoting the Supreme

Court's holding in *Beach* at length, the Ninth Circuit held:

> [Section] 1635(f) is a statute of repose,
> depriving the courts of subject matter
> jurisdiction when a § 1635 claim is brought
> outside the three-year limitation period.
> Because Miguel did not attempt to rescind
> against the proper entity within the
> three-year limitation period, her right to
> rescind expired.
>
> Miguel argues that she should have been
> allotted an additional year in which to file
> suit after the expiration of the three-year
> period afforded by the statute.  While Miguel
> is correct that 15 U.S.C. § 1640(e) provides
> the borrower one year from the refusal of
> cancellation to file suit, that is not the
> issue before us.  Rather, the issue is
> whether her cancellation was effective even
> though it was not received by the Bank—the
> creditor— within the three-year statute of
> repose. We hold that it was not.  While the
> Bank's servicing agent, Countrywide, received
> notice of cancellation within the relevant
> three- year period, no authority supports the
> proposition that notice to Countrywide should
> suffice for notice to the Bank.  Therefore,
> her right to cancellation was extinguished as
> against the Bank.  When congressionally-
> created limitations on congressionally-
> created public rights and benefits completely
> extinguish the right previously created,
> courts are deprived of jurisdiction.  *Lyon v.
> Agusta S.P.A.*, 252 F.3d 1078, 1084–85 (9th
> Cir. 2001).
>
> * * *
>
> Nor do the facts that the Bank's
> servicing agent, Countrywide, was served
> within the "extended" three-year rescission
> period and that the Bank was added as a
> defendant well in advance of the expiration
> of § 1640's one-year statute of limitations
> for suing on a § 1635 failure-to-effect-

13 - ORDER

> rescission claim alter the jurisdictional
> landscape.  The Bank was not required to
> cancel the loan because Miguel did not notify
> the Bank of cancellation within the limited
> three-year period.  Because cancellation was
> not effected during the three-year period,
> the additional year statute of limitations
> provided by § 1640 is irrelevant; it relates
> to the time for filing suit once cancellation
> has been wrongly refused.  15 U.S.C.
> § 1635(f).  In this case, Miguel did not
> provide the Bank with notice of cancellation
> within the three-year statutory period, so
> the Bank could not have wrongly refused
> Miguel's request to cancel.  Therefore,
> § 1640 does not apply.

*Id.* at 1164-65.

Plaintiff objects to the Magistrate Judge's conclusion that the limitation set out in § 1635(f) is a limitation on the right to seek redress in court for a lender's failure to give effect to a borrower's notice of rescission.  Plaintiff contends § 1635(f) limits the time in which he may *exercise* his right of rescission and that TILA provides Plaintiff with one year after a lender's failure to honor a borrower's rescission notice to bring a claim in court to enforce that right.  Thus, Plaintiff contends because he exercised his right of rescission by providing the appropriate notice on August 4, 2010, within three years of the November 2007 loan transaction and filed an action in this Court less than six months later, his claim is timely and the Court has subject-matter jurisdiction to declare whether his notice of rescission was effective.

Plaintiff emphasizes the distinction between this

14 - ORDER

matter and the facts in *Beach* and *Miguel*:  Here Plaintiff sent a

proper notice of rescission within the three-year statutory

period while the plaintiffs in *Beach* and *Miguel* each sought to

obtain a rescission remedy from the courts after the three-year

period had run *without having sent a proper notice of rescission*

*to the lender*.

    The Court notes there is not any specific guidance from

the Ninth Circuit on this issue, and, moreover, there is a

significant split among district courts that have addressed the

question whether § 1635(f) is a limitation on the time for a

borrower to invoke his right to rescission with the lender or on

a borrower's right to bring a lawsuit to enforce that right.  In

*Fowler v. Wells Fargo Bank, N.A.*, the Northern District of

California noted the divergence in the district court decisions:

>     There is a split of authority on this
> statute of limitations issue in this
> district, and there is no guiding authority
> from the Ninth Circuit.  *See Briosos v. Wells*
> *Fargo Bank*, 2010 WL 3341043, *4 (N.D.Cal.
> Aug.25, 2010)(noting that "there is a split
> of authority regarding whether [TILA]
> requires a borrower to file a rescission
> claim within three years after a transaction
> is consummated, or whether the borrower must
> only assert his right to rescission within
> that period").  In *Brisos*, the court examined
> the split in authority and agreed with the
> minority approach for this Circuit.  *Id*.
> ("The fact that Plaintiff did not seek to
> enforce the remedy for violation of the right
> until he filed this lawsuit on March 8, 2010,
> does not undermine the fact that he exercised
> his right to rescission [by sending in a
> notice] within the prescribed limitations

period."); *see also Pearce v. Bank of America
Home Loans*, 2010 WL 2348637, *4 (N.D. Cal.
June 8, 2010)(finding the minority approach
persuasive as "more consistent with the
statutory language" and Supreme Court
caselaw); *Jozinovich v. JP Morgan Chase Bank,
N.A.*, 2010 WL 234895, *5 (N.D. Cal. Jan. 14,
2010)(stating that the rescission claim was
timely since the plaintiff sent a rescission
letter within three years of signing for the
loan, but dismissing the claim on other
grounds).

        In contrast, the majority view requires
a plaintiff to file a lawsuit within three
years from the date of the loan.  *See, e.g.,
Rivera v. BAC Home Loans Servicing, L.P.*,
2010 WL 4916405, *3 (N.D. Cal. Nov. 22, 2010)
(holding that plaintiffs' TILA claims were
untimely where plaintiffs sent in a notice of
cancellation within three years of the loan,
but did not file their complaint until almost
four years after the loan was executed); *Sam
v. American Home Mortg. Servicing*, 2010 WL
761228, *2 (E.D. Cal. Mar. 3, 2010)
(concluding that whether plaintiff sent in a
notice of rescission within the three year
period was irrelevant to whether plaintiff
filed a timely claim for rescission and
holding that "plaintiff must file a complaint
seeking rescission before the statute of
repose expires."); *Gates v. Wachovia
Mortgage, FSB*, 2010 WL 902818, at *4 (E.D.
Cal. Feb. 19, 2010)("Because plaintiff filed
her Complaint over three years from the date
of consum-mation, the court is without
jurisdiction to consider her claim for
rescission under TILA.").

No. 10-3933-EDL, 2011 WL 175506, at *6 (N.D. Cal. Jan 18, 2011).

        The Court is persuaded the minority view (that the

limitation in § 1635(f) applies to the borrower's exercise of his

right of rescission rather than to the timing of a lawsuit to

enforce that right) is more consistent with the Supreme Court's

16 – ORDER

decision in *Beach*, the Ninth Circuit's ruling in *Miguel*, and TILA
and its implementing regulations.

      In *Beach* the Supreme Court held § 1635(f) "says nothing
in terms of bringing an action but instead provides that the
'right of rescission [under the Act] shall expire' at the end of
the time period.  It talks not of a suit's commencement but of a
right's duration, which it addresses in terms so straightforward
as to render any limitation on the time for seeking a remedy
superfluous." 523 U.S. at 417.  Indeed, subsection (f) is titled
"Time limit for *exercise* of right."  15 U.S.C. § 1635(f)(emphasis
added).  Moreover, the statute and the implementing regulations
make clear that a borrower "exercises" his right to rescission by
providing notice to the lender. *See* 15 U.S.C. § 1635(a)("the
obligor shall have the right to rescind the transaction . . . by
notifying the creditor"); 12 C.F.R. § 226.23(a)(2)("To exercise
the right to rescind, the consumer shall notify the creditor of
the rescission by mail, telegram or other means of written
communication.").  Section 1635(b) also provides in relevant
part:

>     When an obligor exercises his right to
> rescind under subsection (a) of this section,
> he is not liable for any finance or other
> charge, and any security interest given by
> the obligor, including any such interest
> arising by operation of law, becomes void
> upon such a rescission.  Within 20 days after
> receipt of a notice of rescission, the
> creditor shall return to the obligor any
> money or property given as earnest money,

>downpayment, or otherwise, and shall take any
>action necessary or appropriate to reflect
>the termination of any security interest
>created under the transaction.

Thus, the limitation in subsection (f) seems more appropriately interpreted to limit the time in which a borrower may exercise his right of rescission rather than to limit the time in which a borrower may seek court enforcement of that right.

This conclusion also appears to be consistent with the Ninth Circuit's decision in *Miguel* in which the issue was whether the plaintiff had notified the proper party within the three-year statute of repose.  309 F.3d at 1165.  Ultimately the Ninth Circuit determined the plaintiff had not notified the proper party for purposes of exercising her right to rescind the mortgage transaction.  Although the court did not directly address the question, the Ninth Circuit strongly implied in its resolution of the issue that the plaintiff's claim (which was filed more than three years after consummation of the transaction) would have been timely if the notice of rescission had been directed to the proper party within the three-year statute of repose.  *Id.* ("Miguel argues that she should have been allotted an additional year in which to file suit after the expiration of the three-year period afforded by the statute. While Miguel is correct that 15 U.S.C. § 1640(e) provides the borrower one year from the refusal of cancellation to file suit, that is not the issue before us.  Rather, the issue is whether

18 - ORDER

her cancellation was effective even though it was not received by the Bank—the creditor—within the three-year statute of repose.").

The Magistrate Judge notes the one-year limitation period set out in § 1640(e) and referenced in *Miguel* is a limitation only on claims for civil damages and does not apply to claims for failure to effect rescission.  Indeed, § 1640 addresses "civil liability" under TILA and does not provide a limitation period on a claim for failure to effect rescission in which a borrower seeks a Court's declaration that he properly effected a rescission under § 1635.  As the Court has already discussed, § 1635 sets out only a statute of repose; *i.e.*, a time limit on the borrower's exercise of his right to rescission.  Several courts have addressed this issue squarely and adopted a one-year statute of limitations on such a claim based on the general TILA statute of limitations set out in § 1640.  *See, e.g., Santos v. Countrywide Home Loans*, No. 1:09-CV-00912-AWI-SM, 2009 WL 2500710, at *3-5 (E.D. Cal. Aug. 14, 2009)(distinguished *Miguel* on the ground that timely notice of rescission had not been filed and relied on the one-year period of limitations from § 1640); *Pearce v. Bank of Am. Home* Loans, No. C 09-3988 JF, 2010 WL 2348637, at *3-5 (N.D. Cal. June 8, 2010)(noted several district courts that have adopted the one-year statute of limitations on a claim to enforce a timely notice of rescission); *Palmer v. Champion Mortg.*, 465 F.3d 24, 27 (1st Cir. 2006)("If a

creditor does not respond to a rescission request within twenty days, the debtor may file suit in federal court to enforce the rescission right."); *Sherzer v. Homestar Mortg. Servs.*, No. 07-5040, 2010 WL 1947042, at *10-11 (E.D. Pa. May 7, 2010)(surveyed numerous district-court decisions and noted specific decisions in which borrowers had filed timely notices of rescission but brought claims to enforce those notices after the three-year period in § 1635(f)); *Johnson v. Long Beach Mortg. Loan Trust 2001-4*, 451 F. Supp. 2d 16, 40 (D.D.C. Aug. 4, 2006)("If the borrower exercises her right of rescission during this extended [three-year] period, the creditor's denial of rescission or its failure to properly respond to the rescission within 20 days after receipt of notice gives rise to a potential violation under TILA and commences the running of TILA's one year statute of limitations.").  In addition, although the statute is not explicit as to the limitation period on claims under § 1635, the application of the statute of limitations in § 1640(e) to a claim to enforce a rescission under § 1635 is reasonable in light of the text of the statute because § 1635(g) expressly permits the same civil liability for violations of § 1635 as provided by § 1640.

Even though § 1635 lacks a specific limitations period on claims to enforce a timely notice of rescission, the Court concludes the alternative (employing § 1635(f) as a statute of

limitations rather than a statute of repose) is contrary to the express language of the Supreme Court in *Beach*. In addition, if the three-year period is construed as limiting a plaintiff's right to bring a lawsuit to enforce his right to rescission, the three-year period would actually be reduced to less than three years. Because a lender has 20 days under § 1635(b) to give effect to a borrower's notice of rescission, a borrower must effectively exercise his right to rescission at two years and 344 days in order to permit the lender its 20 days to determine whether to honor the borrower's notice of rescission. If a lender declines to effect the rescission, the borrower can file a lawsuit two years and 364 days after consummation of the loan to be sure to avoid the expiration of the statute of repose. Moreover, if a borrower sends a notice of rescission at two years and 345 days or thereafter, he could not enforce his right in court before it expires entirely if the lender took the full 20 days to deny the borrower's request. This approach would further provide an incentive for lenders to delay. Thus, if the period of repose was construed as a limit on the right to bring an action to enforce the right to rescission, it would undermine the express language of the statute by essentially rendering unenforceable a borrower's exercise of his right to rescission after two years and 344 days.

Ultimately § 1635, § 1640, and Regulation Z do not set

out any limitations on the time for a borrower to bring an action
to enforce a timely notice of rescission against a lender.
Specifically, the Court does not find the lack of an express
statute of limitations on such an action to be a persuasive basis
for finding the period of repose set out in § 1635(f) is also a
limitation on the time for a borrower to seek court enforcement
of a timely exercise of rescission.  Although reasonable judicial
minds may differ, in light of the foregoing and the Court's
obligation to liberally construe TILA in favor of borrowers (*see*
*Rubio*, 613 F.3d at 1202), the Court declines to adopt the
Magistrate Judge's recommendation to grant Defendant IBM's Motion
to Dismiss Plaintiff's claim in which he seeks the Court's
enforcement of his timely notice of rescission on the basis that
the Court lacks subject-matter jurisdiction.  Plaintiff provided
with his Complaint copies of his rescission notices of August 4,
2010, to Chase Home Finance and October 25, 2010, to IBM and
copies of the certified-mail receipts showing both Defendants
received notice within three years of consummation of Plaintiff's
loan.[3]  Plaintiff filed this action less than six months later.
On this record the Court concludes it has subject-matter
jurisdiction over Plaintiff's claim in which he seeks a
declaration that he made a valid exercise of his statutory right

---

[3] Plaintiff also provides copies of contemporaneous letters
from IBM and Chase Home Finance responding to Plaintiff's notices
of rescission in Exhibits 5 and 6 attached to his Complaint.

to rescind the loan transaction within three years.

The Magistrate Judge also found "Barnes' claim for declaratory relief and his prayer for injunctive relief are each necessarily premised on the proposition that Barnes is entitled to rescission of his mortgage loan." Thus, the Magistrate Judge recommends granting IBM's Motion to Dismiss for failure to state a claim as to Plaintiff's claims for declaratory and injunctive relief because the Magistrate Judge found the Court lacks subject-matter jurisdiction over that claim. In light of the Court's conclusion that it has subject-matter jurisdiction over Plaintiff's recission claim, however, this Court declines to adopt the Magistrate Judge's recommendation to grant IBM's Motion as to Plaintiff's claims for declaratory and injunctive relief.

**2.    Alleged Errors in the Notice of Right to Cancel.**

Plaintiff also objects to the Magistrate Judge's finding as to the date the loan transaction closed. The heart of Plaintiff's factual allegations in his Complaint and the underpinning for the extended three-year period for Plaintiff's right to rescind the loan transaction is that the Notice of Right to Cancel provided by Chase Bank USA at closing was materially defective. Specifically, Plaintiff alleges the loan closed on November 15, 2007, but the Notice of Right to Cancel inaccurately stated a closing date of November 14, 2007. As a result, Plaintiff alleges the Notice of Right to Cancel was defective

23 - ORDER

because it did not state the proper date of expiration of Plaintiff's right to cancel: *i.e.*, the Notice indicates the right to cancel expired at midnight November 17, 2007, when, according to Plaintiff, it should have indicated his right to cancel expired at midnight November 18, 2007. Plaintiff attached as part of Exhibit 1 to his Complaint an unexecuted copy of the Notice of Right to Cancel that reflects a closing date of November 14, 2007.

In assessing Plaintiff's factual allegation that the loan closed on November 15, 2007, rather than November 14, 2007, the Magistrate Judge stated in footnote two on page seven:

> The "Borrower's Settlement Statement" Barnes alleges he received at closing bears a "print date" of November 15, 2007, *id.*, Exh. 1 at 3, the "Estimated Statement" Barnes alleges he received at closing bears a "print date" of November 15, 2007, *id.*, Exh. 1 at 5. However, the "Deed of Trust" Barnes alleges he received at closing bears a "print date" of November 14, 2007, *id.*, Exh. 1 at 8, and references a note in the amount of $378,250 dated November 14, 2007, *id.*, Exh. 1 at 9, and the copy of the "Balloon Note" that constitutes the mortgage loan and that Barnes alleges he received at closing is dated November 14, 2007, *id.*, Exh. 1 at 23. Similarly, the "Closing Instructions" Barnes alleges he received at closing recites November 14, 2007, as the "Date of Closing" of the mortgage transaction and states that the "Loan must close by: 11/14/2007." *Id.*, Exh. 1 at 26. The "Truth-In-Lending Disclosure Statement" that Barnes alleges he received at closing bears the date November 14, 2007, *id.*, Exh. 1 at 35, 36, the "Initial Escrow Account Disclosure Statement" that Barnes alleges he received at closing is

dated "[a]s of 11/14/2007," *id.*, Exh. 1 at
37, the "Transfer of Servicing Disclosure
Statement" that Barnes alleges he received at
closing is dated November 14, 2007, *id.*, Exh.
1 at 46, the "Notice of Assignment, Sale or
Transfer of Servicing Rights" that Barnes
alleges he received at closing is dated
November 14, 2007, *id.*, Exh. 1 at 47, the
"Borrower's Certification & Authorization"
that Barnes alleges he received at closing is
dated November 14, 2007, id., Exh. 1 at
51,52, and the "Undertaking and Errors and
Omissions Form" that Barnes alleges he
received at closing is dated November 14,
2007, *id.*, Exh. 1 at 53.

Plaintiff objects to this summary of the factual record and

contends he has provided sufficient evidence to support his

allegations.  Plaintiff alleged in his Complaint that the loan

closed on November 15, 2007, and in Exhibit 1 to his Complaint

has provided copies of, *inter alia*, unexecuted escrow forms for

the loan transaction issued by First American Title insurance

Company of Oregon that are dated November 15, 2007.

Although the Magistrate Judge questions the

plausibility of Plaintiff's allegation that the loan closed on

November 15, 2007, he bases his analysis on that date for

purposes of this issue.  At this stage of the proceedings the

Court "must accept as true the allegations in the complaint and

construe them in favor of the plaintiff." *Intri-Plex Tech.,*

*Inc.*, 499 F.3d at 1050 n.2.  On this record Plaintiff has made a

plausible allegation that the loan, in fact, closed on November

15, 2007.  Thus, the Court, construing the facts in Plaintiff's

25 - ORDER

favor, accepts that allegation as true.

### 3. Sufficiency of Plaintiff's Allegations.

Plaintiff objects to the Magistrate Judge's recommendation that the Court grant Defendant IBM's Motion to Dismiss Plaintiff's claim for damages arising from Defendants' alleged failure to give effect to Plaintiff's Notice of Rescission on the ground that Plaintiff did not make a showing that the Notice of Right to Cancel was sufficiently inaccurate, and, therefore, did not state a claim for relief under TILA. The Magistrate Judge ultimately concluded Plaintiff was not entitled to the extended three-year period of rescission. Plaintiff objects on the ground that his right to rescission was extended because the Notice of Right to Cancel contained an incorrect date for the termination of Plaintiff's three-day right to cancel.

As noted, under § 1635 a creditor "shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section." 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(3). If a lender does not provide the correct notice of Plaintiff's rights, the borrower's right of rescission is extended from three days to three years after consummation of the transaction. 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23(3). Regulation Z requires that the notice of right to rescind

26 – ORDER

shall be on a separate document that
identifies the transaction and shall clearly
and conspicuously disclose the following:

> (i) The retention or acquisition of a
> security interest in the consumer's
> principal dwelling.
>
> (ii) The consumer's right to rescind the
> transaction.
>
> (iii) How to exercise the right to
> rescind, with a form for that purpose,
> designating the address of the
> creditor's place of business.
>
> (iv) The effects of rescission, as
> described in paragraph (d) of this
> section.
>
> (v) The date the rescission period
> expires.

12 C.F.R. § 226.23(b)(1).  The Ninth Circuit has long held:

> In applying TILA and its implementing
> regulations, we 'require absolute compliance
> by creditors,' *Hauk v. JP Morgan Chase Bank
> USA*, 552 F.3d 1114, 1118 (9th Cir. 2009), and
> '[e]ven technical or minor violations of the
> TILA impose liability on the creditor,'
> *Jackson v. Grant*, 890 F.2d 118, 120 (9th Cir.
> 1989)."  613 F.3d 1195, 1199 (9th Cir. 2010).

 613 F.3d at 1199.  For example, in *Semar v. Platte Valley*

*Federal Savings & Loan Association*, the Ninth Circuit concluded:

> Technical or minor violations of TILA or Reg
> Z, as well as major violations, impose
> liability on the creditor and entitle the
> borrower to rescind.  "To insure that the
> consumer is protected . . . [TILA and Reg Z
> must] be absolutely complied with and
> strictly enforced."  *Mars v. Spartanburg
> Chrysler Plymouth, Inc.*, 713 F.2d 65, 67 (4th
> Cir. 1983)(holding that technical violation,
> even if merely a "minor variation in language

27 – ORDER

> and type size" from TILA requirements,
> imposes liability); *see also Huff v.*
> *Stewart-Gwinn Furniture Co.*, 713 F.2d 67, 69
> (4th Cir.1983)(minor violations of TILA and
> Reg Z impose liability even if, as creditor
> alleged, consumer "was not misled and was
> given a meaningful and correct disclosure of
> crucial credit terms").

791 F.2d 699, 704 (9th Cir. 1986).

In support of his conclusion that an error in the date
of the expiration of a borrower's right to cancel the transaction
is insufficient to extend the period of rescission, the
Magistrate Judge notes the form of the Notice of Right to Cancel
in this case "tracks the model form" provided in the regulations,
which, in turn, "creates a presumption that the notice Barnes
alleges he received at closing was compliant with applicable TILA
requirements."  Indeed, 12 C.F.R. § 226.23(b)(2) requires:  "To
satisfy the disclosure requirements of paragraph (b)(1) of this
section, the creditor shall provide the appropriate model form in
Appendix H of this part or a substantially similar notice."
Section 1604 requires the Board to publish model notices and
provides:

> A creditor or lessor shall be deemed to be in
> compliance with the disclosure provisions of
> this subchapter with respect to other than
> numerical disclosures if the creditor or
> lessor (1) uses any appropriate model form or
> clause as published by the Board, or (2) uses
> any such model form or clause and changes it
> by (A) deleting any information which is not
> required by this subchapter, or (B)
> rearranging the format, if in making such
> deletion or rearranging the format, the

28 - ORDER

> creditor or lessor does not affect the
> substance, clarity, or meaningful sequence of
> the disclosure.

Although Section 1604 deems a lender in compliance with non-numeric disclosures *as a matter of form* if a lender uses a model form or a substantially similar version, an interpretation of the statute as shielding lenders from liability for errors of substance in completing the model form contradicts the statute's requirement of accurate disclosures.  Section 1604 may prevent a borrower from contending that a part of the model form was confusing or unclear.  It does not, however, prevent a borrower from asserting a claim on the ground that the lender did not accurately fill out the form as required by the statute.  In fact, § 1635(h) provides the protection afforded to a lender for use of the proper form of notice of the right to rescind applies only if the form is "properly completed by the creditor, and [the creditor] otherwise complied with all other requirements of this section regarding notice."

The Magistrate Judge relies heavily on the First Circuit's decision in *Palmer v. Champion Mortgage* in which the court held the lender's use of the incorrect date for the expiration of the borrower's right of rescission (a date that had already passed at the time of closing) was not a violation of TILA because any error was vitiated by the narrative description of Plaintiff's right to rescind that

29 – ORDER

> clearly and conspicuously indicates that the
> debtor can rescind "within three (3) business
> days from whichever of [three enumerated]
> events occurs last."  Although the Notice
> does state in part that rescission has to
> occur "no later than midnight of APRIL 01,
> 2003," the plaintiff wrests this statement
> from its contextual moorings.  The statement
> is followed immediately by a parenthetical
> reading "(or midnight of the third business
> day following the latest of the three (3)
> events listed above)."  We fail to see how
> any reasonably alert person-that is, the
> average consumer-reading the Notice would be
> drawn to the April 1 deadline without also
> grasping the twice-repeated alternative
> deadlines.

465 F.3d at 28-29 (referring to the notice at issue as "crystal

clear").  The Notice of Right to Cancel that Plaintiff provided

with his Complaint contains language similar to the Notice in

*Palmer* and reflects Plaintiff had the right to cancel the

transaction "within three (3) business days from whichever of the

following events occur last: (1) The date of the transaction,

which is November 14, 2007; or (2) The date you received your

Truth in Lending disclosures; or (3) The date you received this

notice of your right to cancel."

       This matter is distinct from *Palmer*, however, in that

the date used in *Palmer* had already passed at the time of

closing, which logically would render unreasonable a borrower's

reliance on that date if he was trying to determine when his

right of rescission expired because it obviously could not expire

before the transaction was consummated.  Here the incorrect date

30 - ORDER

is alleged to be just 24 hours before the actual time that
Plaintiff's right of rescission expired.  That fact makes the
Notice in this matter much less "clear and conspicuous" because
the alleged inaccuracy creates an inconsistency between the
narrative description of the right as expiring "within three
business days" and the date stated on the form of November 17,
2007, rather than constituting an impossibility as in *Palmer*.
Furthermore, even if, for example, Chase Bank USA gave the Notice
to Plaintiff before consummation of the loan on November 14,
2007, and the loan closed a day later on November 15, 2007, the
regulations require the lender to change the early disclosures to
state the correct information. *See* 12 C.F.R. § 226.17 ("[I]f
disclosures required by this subpart are given before the
date of consummation of a transaction and a subsequent event
makes them inaccurate, the creditor shall disclose before
consummation . . . .").

 In *Semar* the Ninth Circuit dealt with a similar failure
to include the date that the plaintiff's right of rescission
expired by omitting the date entirely.  791 F.2d at 702.  The
Ninth Circuit held:

> Reg Z "makes clear that failure to fill in
> the expiration date of the rescission form is
> a violation of the TILA." *Williamson v.*
> *Lafferty*, 698 F.2d 767, 768–69 (5th Cir.
> 1983).  *Williamson* held that the omission of
> the expiration date, though a purely
> technical violation of TILA, entitled the
> plaintiff to rescind the loan agreement for

31 – ORDER

> up to three years, without regard to whether
> the omission was material. *Id.* at 768; *see
> also Aquino v. Public Finance Consumer
> Discount Co.*, 606 F.Supp. 504, 507 (E.D. Pa.
> 1985) (omission of expiration date of
> rescission right gives borrower right to
> rescind loan).

*Id*. At 704 (footnote omitted). Citing *Semar*, the District Court

for the District of Hawai'i reached the same conclusion when it

held the right of rescission was extended for three years when

the Notice of Right to Cancel "technically" violated the statute

by stating the wrong date for the expiration of the borrower's

right to cancel. *Riopta v. Amresco Res. Mortg. Corp.*, 101 F.

Supp. 2d 1326, 1330 (D. Haw., Aug. 4, 1999). *See also Jackson v.

Grant*, 890 F.2d 118, 120-22 (9th Cir. 1989).

        The Ninth Circuit holding in *Semar* is bolstered by the

fact that TILA is a strict-liability statute and Regulation Z

expressly requires inclusion of the "date the rescission period

expires." 12 C.F.R. § 226.23(b)(1)(v). Although the First

Circuit may have developed a certain tolerance for technical

violations of TILA, the Ninth Circuit requires strict adherence

to the statutes and regulations. *See Rubio*, 613 F.3d at 1199.

*See also Hauk v. JP Morgan Chase Bank USA*, 552 F.3d 1114, 1118

(9th Cir. 2009). Nevertheless, TILA affords lenders an

affirmative defense to liability under §§ 1635 and 1640 for

unintentional violations and "bona fide errors." 15 U.S.C.

§ 1640(c). Thus, even though TILA is to be liberally construed

32 - ORDER

in favor of the consumer, *Rubio*, 613 F.3d at 1202, the result is
not unduly harsh to the lender.  On this record the Court
concludes Plaintiff has met his burden to state a claim at this
stage of the proceedings.  The Court, therefore, does not adopt
the Magistrate Judge's recommendation to grant IBM's Motion to
Dismiss Plaintiff's claims for failure to effect his notice of
rescission on the ground that Plaintiff failed to state a claim
when he has alleged the Notice of Right to Cancel did not comply
with TILA because it contained the wrong date for the expiration
of his right to rescind the transaction.

**III. The Findings and Recommendation as to the Chase Defendants'
     Motion to Dismiss.**

As noted, the Magistrate Judge recommends that the Court
deny the Motion (#20) to Dismiss by Chase Defendants as moot
based on the Findings and Recommendation with respect to IBM's
Motion to Dismiss.  Plaintiff does not specifically object to the
Magistrate Judge's recommendation as to Chase Defendants' Motion
to Dismiss.  The Court's decision to decline to adopt portions of
the Magistrate Judge's recommendations may, however, alter the
Magistrate Judge's determination that the Motion by Chase
Defendants is moot.

In summary, after a *de novo* review of the record in relation
to each of Plaintiff's Objections, the Court concludes they
provide a basis to modify the Findings and Recommendation as set
out herein.  The Court also has reviewed the legal principles

33 - ORDER

relating to those portions of the Findings and Recommendation to which the parties did not object and does not find any legal error.

**CONCLUSION**

For these reasons, the Court **ADOPTS in part** Magistrate Judge Papak's Findings and Recommendation (#38) and **GRANTS** Defendant IBM's Motion (#25) to Dismiss as to Plaintiff's claim for damages arising out of the loan-origination documents as barred by the applicable statute of limitations.

The Court **DECLINES to adopt** the balance of the Findings and Recommendation.  Accordingly, the Court **DENIES** Defendant IBM's Motion (#25) to Dismiss to the extent that IBM contends the Court does not have subject-matter jurisdiction over Plaintiff's claim for rescission.  The Court also **DENIES** IBM's Motion (#25) to Dismiss Plaintiff's remaining claims for failure to state a claim.

This matter is returned to the Magistrate Judge for further proceedings consistent with this Order including whether to address any remaining grounds for dismissal raised by IBM in its Motion (#25) to Dismiss that the Magistrate Judge did not address in the June 10, 2010, Findings and Recommendation and to determine whether to address the grounds for dismissal raised by Chase Defendants in their Motion (#20) to Dismiss that the

34 - ORDER

Magistrate Judge previously determined were moot.

IT IS SO ORDERED.

DATED this 18th day of October, 2011.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District Judge