IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


TIMOTHY BARNES,                            3:11-CV-142-PK

      Plaintiff,                        ORDER

v.

CHASE HOME FINANCE, LLC; CHASE
BANK USA, N.A.; IBM LENDER
BUSINESS PROCESS SERVICES,
INC.; JOHN AND JANE DOES 1-10;
and FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

      Defendants.


BROWN, Judge.

    Magistrate Judge Paul Papak issued Findings and
Recommendation (#82) on December 9, 2012, as to the remaining
unresolved issue in Defendant IBM Lender Business Process
Services, Inc.'s  Motion (#25) to Dismiss Plaintiff Timothy
Barnes' statutory damages claims against it for failure to state
a claim.  The Magistrate Judge recommended the Court deny the

1 - ORDER

Motion.  The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

Because no objections to the Magistrate Judge's Findings and Recommendation were timely filed, this Court is relieved of its obligation to review the record *de novo*.  *Shiny Rock Min. Corp v. U.S.*, 825 F.2d 216, 218. (9th Cir. 1987).  *See also Lorin Corp. v. Goto & Co.*, 700 F.2d 1202, 1206 (8th Cir. 1983).  Having reviewed the legal principles *de novo*, the Court does not find any error.

Also before the Court is Defendant IBM's Request (#91) that the Court include in this Order language to clarify that Plaintiff was to exclude from his amended pleadings "time-barred civil damages allegedly arising from the subject loan's origination documents from 2007, consistent with" this Court's Order (#50).  The Court notes that while these Findings and Recommendation have been pending and since the filing of IBM's Request, the Magistrate Judge has supervised the filing of amended pleadings, and Plaintiff has now filed his Second Amended Complaint (#95) to which Defendants have filed Answers and Amended Answers (#96, #97, #98, #99, #100).  In particular, the Court notes Paragraph 79 of IBM's Amended Answer (#100) asserts an affirmative defense based on the statute of limitations.  The Court hereby confirms its adherence to the time-limitations analysis set out in its Order (#50), but does not see a need

2 - ORDER

otherwise to restate that analysis here.  To this extent, the Court concludes IBM's Request (#91) is moot.

## CONCLUSION

The Court **ADOPTS** Magistrate Judge Papak's Findings and Recommendation (#82).  Accordingly, the Court **DENIES** Defendant IBM Lender Business Process Services, Inc.'s  Motion (#25) to Dismiss Plaintiff Timothy Barnes' statutory damages claims against it for failure to state a claim.  The Court also concludes IBM's Request (#91) for the Court to further clarify its Order (#50) issued on October 18, 2011**, is moot.**

IT IS SO ORDERED.

DATED this 6th day of March, 2012.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

3 - ORDER