IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TIMOTHY BARNES,

      Plaintiff,

                                  CV 11-142-PK

v.

                                  FINDINGS AND
                                  RECOMMENDATION

CHASE HOME FINANCE, LLC, CHASE
BANK USA, N.A., IBM LENDER
BUSINESS PROCESS SERVICES, INC.,
and JOHN AND JANE DOES 1-10,

      Defendants.

PAPAK, Magistrate Judge:

      Plaintiff *pro se* Timothy Barnes filed this action against defendants Chase Home Finance,

LLC ("CHF"), Chase Bank USA, N.A. ("CBUSA" and, collectively with CHF, the "Chase

defendants"), IBM Lender Business Process Services, Inc. ("LBPS"), and ten fictitiously named

"Doe" defendants on February 4, 2011. By and through his complaint as originally filed, Barnes

alleged these defendants' liability under the Truth in Lending Act ("TILA") and under its

implementing Regulation Z in connection with their responses (or failures to respond) to Barnes'

Page 1 - FINDINGS AND RECOMMENDATION AND ORDER

notice of his intention to exercise his asserted right of rescission as to a mortgage loan he took

out on his home more than two years but less than three years following the date the mortgage

transaction closed. On June 10, 2011, I construed Barnes' complaint as alleging claims for

rescission of the mortgage loan, declaratory judgment that defendants have no valid security

interest in the subject property, statutory and actual damages in connection with defendants'

purported failure to provide adequate notice of his right to rescind at or around the time the loan

documents were signed, statutory and actual damages in connection with the Chase defendants'

failure to effect rescission of the mortgage loan following their receipt of his notice of intent to

exercise the rescission right, and injunctive relief to enjoin the defendants from initiating or

prosecuting non-judicial foreclosure proceedings on the property, from recording any deeds or

mortgages regarding the property, or from taking any steps to deprive him of his ownership rights

in the property. On October 18, 2011, adopting the foregoing construal of Barnes' claims, Judge

Brown dismissed Barnes' construed claim for statutory and actual damages in connection with

defendants' purported failure to provide adequate notice of Barnes' right to rescind at or around

the time the loan documents were signed.

On November 16, 2011, without first obtaining the consent of the defendants or leave of

court to do so, Barnes filed a document (#58) styled as a "First Amended Complaint." By and

through such filing, Barnes purported to amend his pleading by adding the Federal National

Mortgage Association ("Fannie Mae") as a defendant in this action and by removing the language

of Barnes' prayer for money damages which served as the basis for Barnes' now-dismissed

construed claim for statutory damages in connection with defendants' purported failure to provide

adequate notice of Barnes' right to rescind at or around the time the loan documents were signed,

Page 2 - FINDINGS AND RECOMMENDATION AND ORDER

and otherwise purported to effect only few and minor changes to Barnes' allegations. Although the document contained all the same references to exhibits as were made in Barnes' pleading as originally filed, no exhibits were attached to the purported amended pleading.

On February 10, 2012, Barnes filed a document (#95) styled as his "Second Amended Complaint" in support of his motion for leave to amend his pleading. The proposed Second Amended Complaint does not significantly differ from the document styled as Barnes' "First Amended Complaint," except that all exhibits referenced therein are attached thereto.

Now before the court are (i) defendant LBPS' and Fannie Mae's motion (#63) for extension of time within which to respond to Barnes' amended pleading, should the court deem that pleading properly filed, (ii) Barnes' motion (#69) for leave of court to amend his pleading, (iii) LBPS' motion (#73) to strike Barnes' purported amended pleading or, in the alternative, to dismiss the same, and (iv) Fannie Mae's motion (#77) to dismiss Barnes' purported amended pleading or, in the alternative, to strike the same. I have considered the motions, oral argument on behalf of the parties, and all of the pleadings and papers on file. For the reasons set forth below, LBPS' and Fannie Mae's motion (#63) for extension of time should be denied as moot, Barnes' motion (#69) for leave to amend his pleading should be granted as discussed below, LBPS' motion (#73) to strike Barnes' amended pleading or, in the alternative, to dismiss the same should be denied as moot, and Fannie Mae's motion (#77) to dismiss Barnes' amended pleading or, in the alternative, to strike the same, should be granted as discussed below as to Barnes' rescission claim and otherwise denied as moot.

## LEGAL STANDARDS

### I.    Leave to Amend

After a defendant has filed a response to an initially-filed complaint, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Federal Civil Procedure Rule 15 specifies that "[t]he court should freely give leave when justice so requires." *Id.* The Ninth Circuit has specified that Rule 15 is to be interpreted with "extreme liberality," *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990), *citing United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981), although leave to amend is nevertheless "not to be granted automatically," *id.* The district court's discretion to deny a motion for leave to amend is particularly broad where the court has already given the plaintiff one or more opportunities to amend her complaint. *See, e.g., Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980).

### II.    Motion to Dismiss for Failure to State a Claim

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" specifically, it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To raise a right to relief above the speculative level, "[t]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id., quoting* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004); *see also* Fed. R. Civ. P. 8(a). Instead, the plaintiff must plead affirmative factual content, as opposed to any merely conclusory recitation that the elements of a claim have been satisfied, that "allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). "In sum, for a complaint to

survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from

that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v.*

*United States Secret Serv.*, 572 F.3d 962, 970 (9th Cir. 2009), *citing Iqbal*, 129 S. Ct. at 1949.

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained

in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial

notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). In considering a motion to

dismiss, this court accepts all of the allegations in the complaint as true and construes them in the

light most favorable to the plaintiff. *See Kahle v. Gonzales*, 474 F.3d 665, 667 (9th Cir. 2007).

Moreover, the court "presume[s] that general allegations embrace those specific facts that are

necessary to support the claim." *Nat'l Org. for Women v. Scheidler*, 510 U.S. 249, 256 (1994),

*quoting Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The court need not, however,

accept legal conclusions "cast in the form of factual allegations." *Western Mining Council v.*

*Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

## FACTUAL BACKGROUND

### I.    The Parties

Plaintiff Timothy Barnes is the owner and resident of a residential property located at 590

South Greenwood Road in Independence, Oregon (the "property"). Defendant CHF is a

Delaware limited liability corporation with its principal place of business in New Jersey.

Defendant CBUSA is a Delaware corporation with its principal place of business in Delaware.

Defendant LBPS is a Delaware corporation with its principal place of business in North Carolina.

Defendant Fannie Mae is a District of Columbia corporation with its principal place of business in Washington, D.C..

Barnes alleges that CHF is the current assignee of the original holder of Barnes' mortgage on the property, and that CBUSA, apparently the original mortgage-holder, remains in some sense a "creditor" with respect to the mortgage. Notwithstanding the foregoing, Barnes offers as exhibits to his complaint documents that suggest that the mortgage holder is currently Fannie Mae. Barnes alleges that LBPS subsequently became the "servicer" of the mortgage loan, apparently on behalf of Fannie Mae. Barnes makes no allegations as to the identity or actions of the Doe defendants.

## II.    Barnes' Factual Allegations

According to the allegations of Barnes' complaint as originally filed, in early October 2007 Barnes contacted a broker, Revere Mortgage Services Group, for the purpose of applying for a mortgage loan on the property, in his own words "for personal use, and to cash out the value of his home."[1] Complaint, ¶ 13. Barnes alleges that the mortgage loan transaction closed on November 15, 2007, "with [CBUSA]'s settlement agent." *Id.*, ¶ 16. The mortgage loan was in the principal amount of $378,250, and was secured by a "Deed of Trust" on the property. *Id.*, ¶ 18.

Barnes alleges that, at closing, CBUSA's "closing agent" First American Title Company of Oregon provided him with, *inter alia*, "Two (2) unsigned copies of a Notice of Right to

---

[1] Barnes actually alleges that this occurred in 1997, but the context of the allegation strongly suggests that Barnes erred when he wrote 1997, and that in fact he intended to allege that these events occurred in 2007. The same apparent typographical error is present in Barnes' newly filed pleading, at ¶ 14.

Page 6 - FINDINGS AND RECOMMENDATION AND ORDER

Cancel." *Id.*, ¶ 19.  Barnes alleges that each of the two copies of the "Notice of Right to Cancel" with which he was provided at closing was defective in that it purportedly recited an inaccurate closing date and an inaccurate expiration date for Barnes' right of rescission.  *See id.*, ¶ 53; *see also id.*, ¶¶ 24-27, 30-32.

Barnes attaches as an exhibit to his complaint all of the documents he alleges he was provided at closing, including the two copies of the allegedly defective notice of his rescission right that he alleges he received at closing.  *See id.* at Exh. 1.  None of the documents Barnes alleges he received at closing bears any signature, initials, or other markings, including the two copies of his allegedly defective right of rescission notice.[2]  *See id.*

The notice of right to rescission that Barnes alleges he was provided at the closing of the loan transaction and that Barnes has attached as an exhibit to his complaint states, in relevant part, as follows:

---

[2] The "Borrower's Settlement Statement" Barnes alleges he received at closing bears a "print date" of November 15, 2007, *id.*, Exh. 1 at 3, the "Estimated Statement" Barnes alleges he received at closing bears a "print date" of November 15, 2007, *id.*, Exh. 1 at 5.  However, the "Deed of Trust" Barnes alleges he received at closing bears a "print date" of November 14, 2007, *id.*, Exh. 1 at 8, and references a note in the amount of $378,250 dated November 14, 2007, *id.*, Exh. 1 at 9, and the copy of the "Balloon Note" that constitutes the mortgage loan and that Barnes alleges he received at closing is dated November 14, 2007, *id.*, Exh. 1 at 23.  Similarly, the "Closing Instructions" Barnes alleges he received at closing recites November 14, 2007, as the "Date of Closing" of the mortgage transaction and states that the "Loan must close by: 11/14/2007." *Id.*, Exh. 1 at 26.  The "Truth-In-Lending Disclosure Statement" that Barnes alleges he received at closing bears the date November 14, 2007, *id.*, Exh. 1 at 35, 36, the "Initial Escrow Account Disclosure Statement" that Barnes alleges he received at closing is dated "[a]s of 11/14/2007," *id.*, Exh. 1 at 37, the "Transfer of Servicing Disclosure Statement" that Barnes alleges he received at closing is dated November 14, 2007, *id.*, Exh. 1 at 46, the "Notice of Assignment, Sale or Transfer of Servicing Rights" that Barnes alleges he received at closing is dated November 14, 2007, *id.*, Exh. 1 at 47, the "Borrower's Certification & Authorization" that Barnes alleges he received at closing is dated November 14, 2007, *id.*, Exh. 1 at 51, 52, and the "Undertaking and Errors and Omissions Form" that Barnes alleges he received at closing is dated November 14, 2007, *id.*, Exh. 1 at 53.

Page 7 - FINDINGS AND RECOMMENDATION AND ORDER

> You have a legal right under federal law to cancel this transaction, without cost, within three (3) business days from whichever of the following events occurs last:
>
> (1) The date of the transaction, which is November 14, 2007; or
>
> (2) The date you received your Truth-In-Lending disclosures; or
>
> (3) The date you received this notice of your right to cancel.
>
> \* \* \*
>
> You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. . . .
>
> If you cancel by mail or telegram, you must send the notice no later than midnight of November 17, 2007 (or midnight of the third business day following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered . . . no later than that time.

*Id.* at 32, 33 (bolded emphasis supplied; underlining original). Other than the specifically recited dates appearing in the two underlined sections, the language of this notice is in all material respects identical to that of the model form notice of the right to rescission provided by the Federal Reserve Board. *See* 12 C.F.R. 226, Appx. H-8.

Barnes alleges that in June 2010 he obtained a copy of the closing documents from First American Title. *See id.*, ¶ 33. Barnes further alleges that the copy of the rescission right notice that he obtained from First American Title in June 2010 bore "forged initials and forged dates." *Id.*, ¶ 34. The allegedly altered copy of the notice that Barnes obtained in June 2010, like the copy he was provided at closing in November 2007, is attached as an exhibit to Barnes' complaint. The copy of the notice obtained in June 2010 is undated, and bears a signature purporting to be that of Barnes in acknowledgment of his receipt of two copies of the notice. *See id.*, Exh. 2. Next to the printed date "November 14, 2007" (the purported date of the mortgage

Page 8 - FINDINGS AND RECOMMENDATION AND ORDER

loan transaction) the date "11-15-07" and the initials "TB" are handwritten. *Id.* In addition, the printed date "November 17, 2007" is lined through, with the handwritten number "18" appearing, likewise lined through, above the printed number "17," and with the handwritten date "11-19-07" and the handwritten initials "TB" appearing next to it. *Id.*

Barnes alleges that, on August 4, 2010, he "sent a written Rescission Notice to all known interested parties by U.S. Postal Service certified mail." *Id.*, ¶ 36. Barnes alleges that the Chase defendants failed to respond in any way to his rescission notice. *See id.*, ¶ 39. However, Barnes further alleges that in September 2010, he received notice from CHF that "the servicing" of Barnes' mortgage on the property would be transferred from CHF to LBPS effective October 1, 2010. *See id.*, ¶ 40; *see also id.*, Exh. 5. In October 2010, it appears that Barnes advised LBPS of his attempt to exercise his right of rescission, and on January 21, 2011, LBPS wrote to Barnes to advise him of LBPS' position that his right to rescission had expired, and to invite him to clarify his concerns with particularity. *See id.*, ¶¶ 44-45; *see also id.*, Exh. 6. LBPS' letter also advised Barnes that "[t]he owner of [his] loan is Federal National Mortgage Association (Fannie Mae)," and that "LBPS is servicing your loan on behalf of Fannie Mae." *Id.*, Exh. 6. There is no evidence in the record to suggest that Barnes responded to LBPS' communication of January 2011.

## III.    Barnes' Proposed Amended Pleading

Barnes' proposed amended complaint, filed February 10, 2012, at Docket No. 95, purports to amend Barnes' pleading as follows:

- to add a new Paragraph 9, describing defendant Fannie Mae;

- to add a new Paragraph 37, setting forth the disclosure violations plaintiff alleges

defendants caused, as follows:

Accordingly, the *material* disclosures provided to the Plaintiffs in connection with this Transaction violated the requirements of TILA; Reg. Z in the following respects:

a.    By failing to provide accurately the expiration date rescission rights terminate in violation of Reg. Z § 226.23(b)(5).

b.    By failing to provide all required disclosures prior to consummation of the transaction in violation of 15 U.S.C. § 138(b) and Reg. Z § 226.17(b),

c.    By failing to make required rescission disclosures 'clearly and conspicuously' in writing in violation of 15 U.S.C. § 1632(a) and Reg. Z § 226.17(a)(1).

• to modify former Paragraph 44 (renumbered as Paragraph 46) to add the phrase "identifying FNMA as the owner of the Transaction," so that the paragraph alleges as follows:

Subsequent thereto, a letter dated January 21, 2011 from LBPS, was received in the mail by Plaintiff identifying FNMA as the owner of the Transaction, copy attached hereto and incorporated fully herein by reference as Exhibit 6.

• to modify former Paragraph 45 (renumbered as Paragraph 47) to add the phrase "claims the subject Transaction is past due," so that the paragraph alleges as follows:

The LBPS letter, Exhibit 6, claims the subject Transaction is past due, intentionally contradicts all requirements set forth by 15 U.S.C. § 1635(b); Reg. z § 226.23(d) and refuses Plaintiff's tender.

• to modify former Paragraph 52 (renumbered as Paragraph 54) to add Fannie Mae to a list of the defendants; and

• to remove the basis for Barnes' now-dismissed constructive claim for statutory damages

Page 10 - FINDINGS AND RECOMMENDATION AND ORDER

in connection with defendants' purported failure to provide adequate notice of Barnes'

right to rescind at or around the time the loan documents were signed.

## IV.   Material Procedural History

On June 10, 2011, I recommended (*inter alia*) that the court grant summary judgment in

defendants' favor as to Barnes' claim seeking rescission of Barnes' home mortgage loan, on the

grounds that Barnes had filed this action more than three years after the loan transaction closed.

In making this recommendation, I recommended that the court assume *arguendo* that Barnes was

entitled under12 C.F.R. 226.23(a)(3) to extension of the period within which he was entitled to

seek rescission of the loan from three days to three years,[3] and interpret applicable United States

Supreme Court and Ninth Circuit jurisprudence (specifically, *Beach v. Ocwen Fed. Bank*, 523

U.S. 410, 412 (1998) and *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir.2002))

as standing for the proposition that the extended three-year period should be treated as an

absolute period of repose.  Following *Miguel*, I further recommended that the court treat the

period of repose as jurisdictional, and therefore dismiss Barnes' rescission claim for lack of

subject-matter jurisdiction.

On October 18, 2011, disagreeing with my analysis of *Beach* and *Miguel*, Judge Brown

held that, because Barnes had attempted to exercise his right of rescission prior to expiry of the

extended three-year rescission period, passage of the three-year period did not operate as an

---

[3] Following analysis, I further recommended that the court find as a matter of law that, contrary to this *arguendo* assumption, on the basis of the allegations of his complaint Barnes was not entitled under 12 C.F.R. 226.23(a)(3) to extension of the rescission period from three days to three years.  On October 18, 2011, Judge Brown rejected these recommendations, and held that Barnes' allegations were sufficient as a matter of law to support the conclusion that Barnes was so entitled.  That holding remains the law of this case.

absolute bar to his rescission claim. Judge Brown further held that the one-year limitations period provided for in 15 U.S.C. § 1640(e), although facially applicable only to Truth in Lending Act actions for money damages, applied to Barnes' rescission claim such that Barnes' claim was timely by virtue of having been filed within one year of the date he attempted to exercise his rescission right.

## ANALYSIS

I.   **LBPS' and Fannie Mae's Motion (#63) for Extension of Time Within Which to Respond to Barnes' Amended Pleading**

On November 25, 2011, LBPS and Fannie Mae moved for extension of time within which to respond to Barnes' purported amended pleading (#58), in the event the court deemed the purported amended pleading properly filed. Subsequently, both LBPS and Fannie Mae moved to dismiss the purported amended pleading in the event the court accepted it. In consequence, the motion for extension of time became moot, as both LBPS and Fannie Mae acknowledge. The motion for extension of time was rendered further moot when, on February 27, 2012, both LBPS and Fannie Mae filed documents styled as answers to Barnes' proposed amended pleading (#95). The motion for extension of time should therefore be denied as moot.

II.  **Plaintiff's Motion (#69) for Leave to Amend**

A motion for leave to amend should be granted unless there has been a showing that to permit the amendment would produce an undue delay in the litigation, that the motion was brought in bad faith or out of dilatory motive, that the movant has repeatedly failed to cure deficiencies in the complaint by previous amendments, that the proposed amendment would unduly prejudice an opposing party, or that the proposed amendment would result in futility for

lack of merit.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).  Moreover, it is well settled that, of these factors, the most important is the potential for prejudice to opposing parties, *see Jackson*, 902 F.2d at 1387, *citing Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-31 (1971), that futility alone is sufficient grounds for denying a motion to amend, *see Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004), *quoting Nunes v. Ashcroft*, 348 F.3d 815, 818 (9th Cir. 2003), and that undue delay alone is insufficient to justify the denial of a motion for leave to amend, *see Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).  The Ninth Circuit has held that "a district court does not abuse its discretion in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally."  *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995), *citing Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990).  The district courts have authority to grant a motion for leave to amend only in part where the factors justifying denial apply only to some and not to all of the proposed amendments.  *See, e.g., Wagner v. Posner*, Case No. 09-CV-3166 FCD KJN P, 2010 U.S. Dist. LEXIS 95062 (E.D. Cal. August 26, 2010); *Vieste, LLC v. Hill Redwood Dev.*, case No. C 09-04024 JSW, 2010 U.S. Dist. LEXIS 92387 (N.D. Cal. August 11, 2010); *Hildes v. Andersen*, Case No. 08-CV-8-BEN, 2010 U.S. Dist. LEXIS 72086, 28-29 (S.D. Cal. July 19, 2010).

Here, Barnes' proposed new pleading sets forth precisely the same theory of defendants' liability as was set forth in Barnes' complaint as originally filed, with the addition of Fannie Mae as an additional plaintiff, and with the omission of any prayer for money damages in connection with defendants' purported failure to provide adequate notice of Barnes' right to rescind at or around the time the loan documents were signed.  I find no undue prejudice to Fannie Mae in

connection with the novel allegations that it may be liable in connection with Barnes' claims, or

to any other party in connection with any of the other proposed amendments. I likewise find that

there has been no undue delay in filing the proposed amended pleading, or that any of the

proposed amendments would result in futility for lack of merit. In consequence, I recommend

that the court grant Barnes' motion for leave to amend, and deem Barnes' proposed "Second

Amended Complaint" (#95) filed February 10, 2012, properly filed as Barnes' amended

complaint.

### III.    LBPS' Motion (#73) and Fannie Mae's Motion (#77) to Strike Barnes' Purported Amended Complaint

LBPS moves to strike Barnes' purported amended pleading (#58) on the grounds that

Barnes failed to obtain either defendants' consent or leave of court before it was filed, as required

under Federal Civil Procedure Rule 15(a). Because, however, the filing (#58) of November 16,

2011, has been expressly superceded by Barnes' proposed amended pleading filed February 10,

2012 – and because I have recommended that the court deem the proposed amended pleading of

February 10, 2012, properly filed as Barnes' amended complaint – I recommend that both parties'

motions to strike be denied as moot.

### IV.    LBPS' Motion (#73) to Dismiss

Defendant LBPS moves for dismissal on two theories. First, it moves to dismiss all of

Barnes' claims against it on the grounds that it is not an assignee and therefore cannot be liable

under TILA. However, on December 9, 2011, I issued a Findings and Recommendation (#82) in

which I recommended that LBPS' previous motion to dismiss on precisely these same grounds be

denied on its merits, and on March 6, 2012, Judge Brown adopted that recommendation without

modification. This court having already addressed and rejected the arguments LBPS advances in support of its motion on this theory, and no grounds existing for reconsideration of the court's prior decision, to the extent LBPS' motion is premised on this theory, it should be denied as moot.

Second, LBPS moves to dismiss from the purported new pleading Barnes' already-dismissed claim for statutory damages in connection with defendants' purported failure to provide adequate notice of Barnes' right to rescind at or around the time the loan documents were signed, on statute of limitations grounds. Because this claim has already been dismissed, and because it does not in any event appear in Barnes' proposed amended pleading (#95) of February 10, 2012, which I have recommended be deemed properly filed as Barnes' amended complaint (or, for that matter, in his purported amended pleading (#58) of November 16, 2011), to the extent LBPS' motion is premised on this second theory, it should likewise be denied as moot.

## V.    Fannie Mae's Motion (#77) to Dismiss

Fannie Mae moves to dismiss Barnes' claims against it for money damages on the grounds that as an assignee, it can only be liable for money damages on the basis of TILA violations apparent on the face of the transaction documents, and that Barnes has failed to allege that the TILA violations at issue were apparent on the face of the documents. Fannie Mae additionally moves to dismiss Barnes' rescission claim on the grounds that he fails to plead ability to tender back the proceeds of his home loan and further fails to allege that he sent notice of intent to rescind directly to Fannie Mae. Finally, Fannie Mae moves to dismiss from the purported new pleading Barnes' already-dismissed claim for statutory damages in connection with defendants' purported failure to provide adequate notice of Barnes' right to rescind at or

around the time the loan documents were signed, on statute of limitations grounds. I address

Fannie Mae's arguments in favor of dismissal of Barnes' claims for money damages and

arguments in favor of dismissal of Barnes' rescission claim separately, below.

### A.    Motion to Dismiss Barnes' Claims for Money Damages

As a preliminary matter, I note that, as this court has construed Barnes' claims, Barnes has

raised only two claims for money damages against any defendant: first, a construed claim for

statutory and actual damages in connection with defendants' purported failure to provide

adequate notice of his right to rescind at or around the time the loan documents were signed, and

second, a construed claim for statutory and actual damages in connection with the Chase

defendants' failure to effect rescission of the mortgage loan following their receipt of his notice

of intent to exercise the rescission right. Of these, the first has already been dismissed (by Judge

Brown's order (#50) dated October 18, 2011), and does not in any event appear in Barnes'

proposed amended pleading (#95) of February 10, 2012, or purported amended pleading (#58) of

November 16, 2011 (the only pleadings or purported pleadings which name or purport to name

Fannie Mae as a defendant in this action). To the extent Fannie Mae seeks dismissal of this first

statutory claim, its motion should be denied as moot.

By contrast, Barnes' second (and only remaining) claim for statutory damages is patently

outside the scope of Fannie Mae's motion to the extent premised on Fannie Mae's status as an

assignee. At the time Barnes' attempted to notice his intent to effect rescission of his mortgage

loan, Fannie Mae had already become the holder of the mortgage, and in any event the claim is

not premised on TILA violations in connection with the disclosure statement provided to Barnes

at or around the time the loan agreement was executed. To the extent Fannie Mae seeks

dismissal of this second statutory claim, its motion should likewise be denied as moot.

### B.    Motion to Dismiss Barnes' Rescision Claim

Fannie Mae argues that Barnes has inadequately pled the factual underpinnings of his rescision claim. However, because recently issued Ninth Circuit case law establishes that Barnes' rescision claim is time-barred, I recommend that the court decline to reach Fannie Mae's arguments, and dismiss the rescision claim as against all defendants, for failure to state a claim on which relief can be granted

As noted above, on October 18, 2011, Judge Brown held that, under 15 U.S.C. § 1640(e), Barnes' rescision claim was timely notwithstanding that it had been filed more than three years after the underlying loan transaction closed, because Barnes attempted to exercise his right of rescision within the extended three-year rescision period and filed this action within one year of that attempt. On February 8, 2012, however, the Ninth Circuit squarely rejected the legal position Judge Brown adopted in so holding.

In *McOmie-Gray v. Bank of Am. Home Loans*, Case No. 10-16487, 2012 U.S. App. LEXIS 2448 (9th Cir. February 8, 2012) (a disposition intended for publication) the Ninth Circuit was presented with a borrower entitled to rely on the extended three-year TILA rescission period, who notified her lender of her intent to rescind before expiration of the three-year period, but did not file suit to enforce her right until after the three-year period had ended. Acknowledging that this was an issue of first impression for the Ninth Circuit, the court ruled as follows:

> McOmie-Gray cites decisions from several district courts in this circuit that apply
> the one-year statute of limitations set forth in 15 U.S.C. § 1640(e), measuring the
> time from the date on which the lender fails to respond to the borrower's notice of
> rescission. We disagree with those courts, and conclude, as set forth below, that
> the time limit established by 15 U.S.C. § 1635(f) is applicable here. Moreover, as

we explained in *Miguel v. Country Funding Corp.*, 309 F.3d 1161 (9th Cir. 2002), **15 U.S.C. § 1635(f) is a three-year statute of repose, requiring dismissal of a claim for rescission brought more than three years after the consummation of the loan secured by the first trust deed, regardless of when the borrower sends notice of rescission.**

*McOmie-Gray*, 2012 U.S. App. LEXIS 2448 at *2-3 (emphasis supplied).

The *McOmie* court preliminarily noted that rescission does not follow by operation of law upon a borrower's notice to his/her lender of his/her intent to invoke his/her right of rescission:

> Regulation Z, promulgated by the Federal Reserve Board, confirms that notification is the means by which borrowers exercise their right to rescind:
>
>> To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.
>
> 12 C.F.R. § 226.23(a)(2). Rescission is not automatic upon a borrower's mere notice of rescission, as McOmie-Gray contends, however. Instead, where a lender fails to comply with § 1635(b), the statute and regulations contemplate that a borrower, who by sending notice of rescission has "advanced a claim seeking rescission," will seek a determination that rescission is proper. *Large v. Conseco Fin. Servicing Corp.*, 292 F.3d 49, 55 (1st Cir. 2002).

*Id.* at *5-6. The court then affirmed that, as specified in *Beach* and *Miguel*, because the extended three-year period is properly treated as a period of repose rather than as a mere limitations period, the borrower may only "seek a determination that rescission is proper" from a court prior to expiration of the extended three-year period, regardless of when the borrower first attempted to notify the lender of the borrower's intent to rescind:

> Were we writing on a blank slate, we might consider whether notification within three years of the transaction could extend the time limit imposed by § 1635(f). But under the case law of this court and the Supreme Court, **rescission suits must be brought within three years from the consummation of the loan, regardless whether notice of rescission is delivered within that three-year period.**

Page 18 - FINDINGS AND RECOMMENDATION AND ORDER

In *Beach*, the Supreme Court addressed whether mortgagors, who never sent a notice of rescission to the lender, could nonetheless raise the right of rescission as "an affirmative defense in a collection action brought more than three years after the consummation of the transaction." 523 U.S. at 411-12. The mortgagors conceded

> that any right they may have had to institute an independent proceeding for rescission under § 1635 lapsed . . . three years after they closed the loan with the bank, but they argue[d] that the restriction to three years in § 1635(f) is a statute of limitation governing only the institution of suit and accordingly has no effect when a borrower claims a § 1635 right of rescission as a "defense in recoupment" to a collection action.

*Id.* at 415. The Court rejected this proposed reading of § 1635(f). Specifically, the Court observed that

> [s]ection 1635(f) . . . takes us beyond any question whether it limits more than the time for bringing a suit, by governing the life of the underlying right as well. The subsection says nothing in terms of bringing an action but instead provides that the "right of rescission [under the Act] shall expire" at the end of the time period. It talks not of a suit's commencement but of a right's duration, which it addresses in terms so straightforward as to render any limitation on the time for seeking a remedy superfluous.

*Id.* at 417 (alteration in original). The plain meaning of the Act, the Court concluded, "permits no federal right to rescind, defensively *or otherwise*, after the 3-year period of § 1635(f) has run." *Id.* at 419 (emphasis added). Thus, the Court held that the mortgagor could not raise the right to rescind as a defense to the mortgagee's foreclosure action after the three-year period had run. *Id.* The language the Court used, however, broadly assumes that a three-year limitation governs cases where a borrower, as plaintiff, seeks rescission of the mortgage transaction.

Following the Supreme Court's holding in *Beach*, we addressed the question whether a borrower may file a lawsuit seeking rescission beyond the three-year period if the borrower never sent a timely notice of rescission. *Miguel*, 309 F.3d 1161. In *Miguel*, the borrowers refinanced their home on December 1, 1994. On November 7, 1997, the borrowers sent notice of rescission to the mortgage servicer, an agent of the actual lienholder. The borrowers filed suit against the agent on December 1, 1997, exactly three years from the closing date. When the borrowers realized that they had sued the wrong entity, they filed an amended complaint that included the lienholder as a defendant on June 17, 1998, well after

the three-year period had expired. The district court concluded that the borrower was entitled to rescission. *Id.* at 1162-63.

On appeal, we reversed and held that the borrowers' right to rescission had expired because the bank did not receive a notice of rescission within three years from the consummation of the transaction. *Id.* at 1165. We relied on *Beach* and a Ninth Circuit opinion holding "that section 1635(f) represents an 'absolute limitation on rescission actions' which bars any claims filed more than three years after the consummation of the transaction." *Id.* at 1164 (*citing King v. California*, 784 F.2d 910, 913 (9th Cir. 1986)). The *Miguel* court concluded in broad language that "§ 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period." *Id.* at 1164. **Section 1635(f) is therefore not merely a statute of limitations—it completely extinguishes the underlying right itself.** The plaintiff in *Miguel* argued that her notice of rescission triggered an additional one-year period for filing suit under § 1640. We concluded, however, that **§ 1640 was irrelevant, and now hold that adopting § 1640's one-year statute of limitations to rescission actions contradicts the plain language of the statute.**

We are bound by *Miguel*, not only as to its "logically necessary" holdings but also as to its reasoned dicta. *See U.S. v. Johnson*, 256 F.3d 895, 914 (9th Cir. 2001) (*en banc*). "[W]here a panel confronts an issue germane to the eventual resolution of the case, and resolves it after reasoned consideration in a published opinion, that ruling becomes the law of the circuit, regardless of whether doing so is necessary in some strict logical sense." *Id.* at 914. We thus adhere to *Miguel's* conclusion that **§ 1635(f) is a statute of repose that represents an absolute three-year bar on rescission actions**.

*Id.* at *9-11 (alterations original; bolded emphasis supplied).

It is undisputed here that Barnes filed this action more than three years after the

underlying loan transaction closed. In consequence of the Ninth Circuit's recent *McOmie-Gray* decision, I therefore recommend that the court dismiss Barnes' rescission claim as alleged

against all defendants,[4] for failure to state a claim upon which relief can be granted.[5]

## CONCLUSION

For the reasons set forth above, I recommend that LBPS' and Fannie Mae's motion (#63) for extension of time be denied as moot, that Barnes' motion (#69) for leave to amend his pleading should be granted, that Barnes' proposed amended pleading (#95) filed February 10, 2012, be deemed properly filed as Barnes' amended complaint, that LBPS' motion (#73) to strike Barnes' amended pleading or, in the alternative, to dismiss the same be denied as moot, and that Fannie Mae's motion (#77) to dismiss Barnes' amended pleading or, in the alternative, to strike the same, be granted as to Barnes' claim for rescission, and otherwise denied as moot. Barnes' claim for rescission should be dismissed with prejudice as to all defendants.

---

[4] In the event that the reviewing judge adopts my recommendations herein, Barnes' claims for declaratory judgment, for injunctive relief, and for statutory and actual damages in connection with defendants' failure to effect rescission of Barnes' mortgage loan following receipt of Barnes' timely notice of intend to rescind will remain pending in this action.

[5] Although in my Findings and Recommendation of June 10, 2011, I followed the Ninth Circuit's holding in *Miguel* to recommend that the court dismiss Barnes' rescission claim on jurisdictional grounds, in its *McOmie-Gray* decision the Ninth Circuit established that passage of the extended three-year period does not constitute a jurisdictional barrier to suit:

> We recognize, however, that the Supreme Court has established a clear-statement rule for treating a statutory limitation on coverage as jurisdictional. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 181 L. Ed. 2d 619, 2012 WL 43513, at *4 (Jan. 2012); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006). Consistent with this intervening Supreme Court precedent, though the three-year statute is mandatory and enforceable, we withdraw our characterization of that bar as jurisdictional.

*McOmie-Gray*, 2012 U.S. App. LEXIS 2448 at *11. In consequence, the court's dismissal of Barnes' rescission claim should be pursuant to Federal Civil Procedure Rule 12(b)(6), for failure to state a claim, rather than on jurisdictional grounds as I previously recommended.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.


Dated this 19th day of March, 2012.

Honorable Paul Papak
United States Magistrate Judge