IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


TIMOTHY BARNES,                          3:11-CV-142-PK

      Plaintiff,                         ORDER

v.

CHASE HOME FINANCE, LLC; CHASE
BANK USA, N.A.; IBM LENDER
BUSINESS PROCESS SERVICES,
INC.; JOHN AND JANE DOES 1-10;
and FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

      Defendants.


BROWN, Judge.

    Magistrate Judge Paul Papak issued Findings and Recommendation (#103) on March 19, 2012, in which he recommends the Court (1) **DENY as moot** the Motion (#63) for Extension of Time by Defendants Federal National Mortgage Association (Fannie Mae)

1 - ORDER

and IBM Lender Business Process Services (LBPS); (2) **GRANT** Plaintiff's Motion (#69) for Leave to Amend and deem Plaintiff's proposed Second Amended Complaint (#95) as properly filed; (3) **DENY as moot** LBPS's Motion (#73) to Strike or, in the Alternative, to Dismiss Plaintiff's First Amended Complaint (#58); and (4) **GRANT in part** Fannie Mae's Motion (#77) to Dismiss or, in the Alternative, to Strike Plaintiff's Second Amended Complaint (#95) to the extent that Fannie Mae seeks **dismissal with prejudice** of Plaintiff's claim for rescission; and to **DENY as moot** the balance of Fannie Mae's Motion (#77). The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

Timely Objections to the Findings and Recommendation were filed by Plaintiff appearing *pro se* (#108); LBPS and Fannie Mae (#107); and Chase Bank USA (#106) only with respect to the Magistrate Judge's Findings and Recommendation as to Fannie Mae's Motion. The Court, therefore, is relieved of its obligation to review the record *de novo* as to those portions of the Findings and Recommendation to which the parties do not object. *Shiny Rock Min. Corp v. U.S.*, 825 F.2d 216, 218. (9th Cir. 1987). *See also Lorin Corp. v. Goto & Co.*, 700 F.2d 1202, 1206 (8th Cir. 1983). Having reviewed the legal principles *de novo*, the Court does not find any error in these portions of the Findings and Recommendation.

2 - ORDER

With respect to the parties' Objections, the Court notes when any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). See also *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

**I.   Plaintiff's Objections.**

Plaintiff objects to the Magistrate Judge's recommendation to dismiss with prejudice as untimely Plaintiff's claim for rescission of his home-mortgage loan under the Truth in Lending Act (TILA), 15 U.S.C. § 1601(a), *et seq.*, based on the Ninth Circuit's recent decision in *McOmie-Gray v. Bank of America Home Loans, NA*, 667 F.3d 1325 (9th Cir. 2012).

In its Order (#50) issued on October 18, 2011, the Court addressed at length Plaintiff's objection to the Magistrate Judge's earlier recommendation to dismiss Plaintiff's rescission claim as untimely. In its Order the Court did not adopt the Magistrate Judge's recommendation to dismiss Plaintiff's rescission claim as untimely based in part on a lack of direction by the Ninth Circuit and a significant split among the trial courts in this circuit as to the interpretation of the limitations period for filing an action to enforce a right of rescission under TILA. See 15 U.S.C. § 1635. In *McOmie-Gray* the

3 - ORDER

Ninth Circuit adopted an interpretation of the limitations period in § 1635(f) for filing an action to enforce a borrower's extended right of rescission that resolved the split of authority and foreclosed this Court's interpretation that the limitations period in § 1635(f) is not a statute of ultimate repose. The Ninth Circuit held:

> Section 1635(f) is therefore not merely a statute of limitations-it completely extinguishes the underlying right itself.
> . . . [We] now hold that adopting § 1640's one-year statute of limitations to rescission actions contradicts the plain language of the statute.
>
> * * *
>
> Because § 1635(f) is a statute of repose, it extinguished McOmie-Gray's right to rescission on April 14, 2009, three years after the consummation of the loan. McOmie-Gray did not file her rescission suit until August 28, 2009. Therefore, the district court properly dismissed this case as untimely and, as McOmie-Gray herself conceded at oral argument, whether she and Bank of America Home Loans had an agreement tolling the statute of limitations is irrelevant.

667 F.3d at 1329-30.

Although Plaintiff now attempts both to undermine the Ninth Circuit's legal interpretation and to distinguish this matter from the facts in *McOmie-Gray,* the Court concludes *McOmie-Gray* conclusively establishes § 1635(f) is a statute of ultimate repose that extinguishes entirely a right to rescission under TILA three years after the date of the consummation of the loan

4 - ORDER

transaction.

As this Court and the Magistrate Judge have noted, Plaintiff initiated this action in February 2011, well beyond three years from the November 2007 closing date of the loan at issue. Thus, Plaintiff's claim to enforce his right to rescission under § 1635(f) is not timely and should be dismissed with prejudice.

Accordingly, the Court concludes Plaintiff's Objections are not a basis for modifying or reversing the Magistrate Judge's Findings and Recommendation.

Plaintiff also appears to request an evidentiary hearing regarding his remaining claims in this matter. Plaintiff, however, has not made a proper motion or sought a hearing under any particular rule of the Federal Rules of Civil Procedure. The Court, therefore, does not make any ruling as to such a request. Plaintiff may raise that issue with the Magistrate Judge in a proper motion in due course.

**II. Defendants' Objections.**

In their Objections (#106, #107), Defendants Chase Bank, LBPS, and Fannie Mae assert it is unclear from the Findings and Recommendation whether the Magistrate Judge recommends dismissing only Plaintiff's rescission claim or the whole of Plaintiff's Second Amended Complaint. In any event, these Defendants object to the Magistrate Judge's failure to dismiss all of Plaintiff's remaining claims for damages, declaratory judgment, and

injunctive relief. The Magistrate Judge, however, stated in footnote four of his Findings and Recommendation:

> In the event that the reviewing judge adopts my recommendations herein, [Plaintiff's] claims for declaratory judgment, for injunctive relief, and for statutory and actual damages in connection with defendants' failure to effect rescission of [Plaintiff's] mortgage loan following receipt of [Plaintiff's] timely notice of inten[t] to rescind will remain pending in this matter.

Thus, the Magistrate Judge clearly does not recommend dismissing the balance of Plaintiff's Second Amended Complaint. Defendants each object to the Magistrate Judge's failure to dismiss Plaintiff's entire Second Amended Complaint and contend each of Plaintiff's remaining claims is dependent on Plaintiff's now-dismissed claim for rescission. The Magistrate Judge points out, however, that Plaintiff's claim for damages resulting from Defendants' failure to give effect to Plaintiff's timely notice of rescission is not dependent on and is separate from the availability of a civil remedy to enforce his right to rescission under § 1635. In addition, as noted in the Findings and Recommendation, this Court previously denied Defendants' motions to dismiss such a claim.

With respect to Plaintiff's remaining claims for declaratory judgment or injunctive relief, neither Fannie Mae nor LPBS made any argument to the Magistrate Judge in Motions (#73, #77) specifically seeking dismissal of those claims. Thus, such a

6 - ORDER

ruling by this Court would be outside of the scope of the Findings and Recommendation under review.

Accordingly, the Court concludes Defendants' Objections are not a basis for modifying or reversing the Magistrate Judge's Findings and Recommendation.

## CONCLUSION

The Court **ADOPTS** Magistrate Judge Papak's Findings and Recommendation (#82). Accordingly, the Court (1) **DENIES as moot** the Motion (#63) for Extension of Time by Fannie Mae and LBPS; (2) **GRANTS** Plaintiff's Motion (#69) for Leave to Amend and deems Plaintiff's proposed Second Amended Complaint (#95) as properly filed; (3) **DENIES as moot** LBPS's Motion (#73) to Strike or, in the Alternative, to Dismiss Plaintiff's First Amended Complaint (#58); and (4) **GRANTS in part** and **DENIES in part** Fannie Mae's Motion (#77) to Dismiss or, in the Alternative, to Strike Plaintiff's Second Amended Complaint (#95) only to the extent that this Court **DISMISSES with prejudice** Plaintiff's claim for rescission against all Defendants; and **DENIES as moot** the balance of Fannie Mae's Motion (#77). Thus, Plaintiff's claims in his Second Amended Complaint for declaratory judgment, injunctive relief, and damages related to Defendants' alleged failure to

give effect to Plaintiff's timely notice to rescind remain pending.

    IT IS SO ORDERED.

    DATED this 20th day of June, 2012.

                                      /s/ Anna J. Brown

                                      ANNA J. BROWN
                                      United States District Judge