Kevin H. Kono, OSB #023528
kevinkono@dwt.com
Kaley L. Fendall, OSB #093509
kaleyfendall@dwt.com
DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, OR 97201-5610
Telephone: (503) 241-2300
Facsimile: (503) 778-5299

Frederick B. Burnside, OSB #096617
fredburnside@dwt.com
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101
Telephone: (206) 757-8016
Facsimile: (206) 757-7016

          Attorneys for Defendants
          Chase Home Finance LLC and
          Chase Bank USA, N.A.

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **TIMOTHY BARNES**, an individual,<br><br>               **PLAINTIFF**,<br><br>   v.<br><br>**CHASE HOME FINANCE, LLC**, a Delaware Corp., **CHASE BANK USA, N.A.**, a subsidiary of JP Morgan Chase & Co., a Delaware Corp., **IBM LENDER BUSINESS PROCESS SERVICES, INC.**, a Delaware Corp., **FEDERAL NATIONAL MORTGAGE ASSOCIATION**, **JOHN AND JANE DOES 1-10**,<br><br>               **DEFENDANTS**. | Case No. 3:11-cv-00142-PK<br><br>**JOINT MOTION FOR ENTRY OF WRITTEN ORDER MEMORIALIZING COURT'S AUTHORIZATION OF DEFENDANTS' REQUESTED LIMITED DISCOVERY** |

4851-1160-6865v.3 0036234-000682
DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

## L.R. 7-1 CERTIFICATION

Counsel for Defendants Chase Home Finance LLC, now JPMorgan Chase Bank, N.A. as successor by merger to Chase Home Finance LLC, and Chase Bank USA, N.A., and for IBM Lender Business Process Services, Inc., now known as Seterus, Inc., and Federal National Mortgage Association, conferred with Plaintiff Timothy Barnes ("Plaintiff") via an exchange of numerous emails and via telephone on October 12, 2017, but the parties were unable to resolve the subject matter of this motion.

## MOTION

Defendants Chase Home Finance LLC, now JPMorgan Chase Bank, N.A. as successor by merger to Chase Home Finance LLC, Chase Bank USA, N.A. (collectively "Chase"), IBM Lender Business Process Services, Inc., now known as Seterus, Inc., and Federal National Mortgage Association (collectively "FNMA") (Chase and FNMA collectively shall be referred to as "Defendants") jointly move this Court for entry of a written order memorializing this Court's authorization of Defendants' request for additional discovery at the September 22, 2017 Status Conference as set forth below.

This motion is supported by the concurrently filed Declaration of Kevin H. Kono, the following memorandum, and the records and files in this matter.

## MEMORANDUM

On September 22, 2017, this Court held a Status Conference via telephone.  At that time, Defendants jointly requested that the Court extend the time in which they had to respond to Plaintiff's motion for summary judgment (Doc. No. 175) by 90 days to allow Defendants to conduct limited additional, necessary discovery before preparing a response, particularly in light of the passage of several years between the original disposition of the case and the remand following appeal.[1]  Defendants explained by way of example that they needed additional

---

[1] Counsel for Chase also noted that it is new to the case and also requires additional time to familiarize themselves with the issues in and history of the case.

Page 2 – JOINT MOTION FOR ENTRY OF WRITTEN ORDER MEMORIALIZING COURT'S AUTHORIZATION OF DEFENDANTS' REQUESTED LIMITED DISCOVERY

4851-1160-6865v.3 0036234-000682            DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

discovery regarding Plaintiff's ability to meet the requirement that he tender the balance of the loan funds (if rescission is allowed), including specifically Plaintiff's new deposition testimony on the tender issue given that Plaintiff's prior deposition occurred over five years ago. Defendants' counsel also identified Plaintiff's title in the property and third-party discovery regarding Plaintiff's loan closing as areas where discovery was needed.

After hearing Defendants' position and Plaintiff's objections, the Court granted Defendants an additional 60 days in which to conduct the discovery, prepare responses to Plaintiff's motion for summary judgment, and file their own motions for summary judgment if they so choose. After the Status Conference, the Court entered a written Order [Doc. No. 180] setting the November 21, 2017 as the deadline for Defendants' response to Plaintiff's motion and Defendants' cross-motion, if any, December 12, 2017 as the deadline for Plaintiff's reply and response to Defendants' cross-motion, if any, and December 27, 2017 as the deadline for Defendants' reply to any cross-motion.

Based on the Court's permission for Defendants to conduct the additional, limited discovery discussed at the Status Conference, Chase served limited sets of Requests for Production and Interrogatories on Plaintiff on September 29, 2017 and FNMA served Requests for Production and Interrogatories on Plaintiff on October 3, 2017. Additionally, on October 2, 2017, counsel for Chase contacted Plaintiff via e-mail proposing dates for his deposition.[2] In response, Plaintiff took the position that because the Court's Order issued after the Status Conference [Doc. No. 180] does not expressly authorize discovery, Defendants are not allowed to take discovery prior to responding to Plaintiff's motion for summary judgment, or filing their cross-motions, without first obtaining separate leave of Court. Based on Plaintiff's position, Defendants requested clarification from the Court, via email on October 6, 2017 to the Court's

---

[2] The email correspondence described herein is attached to the Declaration of Kevin H. Kono as Exhibits 1-8.

DAVIS WRIGHT TREMAINE LLP
                                              1300 S.W. Fifth Avenue, Suite 2400
                                              Portland, Oregon  97201-5610
                                              (503) 241-2300 main · (503) 778-5299 fax

deputy, as to whether Defendants are entitled to seek the discovery discussed at the Status Conference, or whether Defendants must seek further leave from the Court before doing so.  On the same date, the Court clarified via email that the Court's "intent was to grant the partial extension of time to allow the Defendants to conduct the limited additional discovery they requested."  Notwithstanding the Court's clarification, Plaintiff's position remains that additional discovery is not authorized and that he need not provide Defendants' requested discovery, or submit to a limited deposition, because there is no written order from this Court.

Given Plaintiff's position that Defendants are not authorized to conduct discovery without a written order despite the Court's ruling at the Status Conference and subsequent email confirmation, Defendants ask this Court to enter a written order memorializing the Court's prior oral order authorizing limited discovery along the lines Defendants requested at the September 22, 2017 Status Conference.  To the extent the Court seeks further detail on the additional discovery sought by Defendants, Defendants request an Order allowing Defendants to take the following discovery, notwithstanding any previous discovery or case deadlines:

1.  Depose Plaintiff, under Fed. R. Civ. P. 30(a)(2)(A)(ii) and due to the substantial passage of time since Plaintiff's deposition was last taken, on the limited issues of Plaintiff's ability to tender the balance of the loan funds, Plaintiff's alleged damages, and FNMA's assignee liability (including standard deposition background questions to establish capacity, etc.);[3]

2.  Serve written discovery on Plaintiff limited to the issues of Plaintiff's ability to tender the balance of the loan funds, Plaintiff's title in the subject property, FNMA's assignee liability, and Plaintiff's alleged damages, and that written

---

[3] *See Goins v. County of Merced*, Case No. 1:13-cv-01245-DAD-SKO, 2015 WL 9304749 at *4 (E.D. Cal. Dec. 22, 2015) (noting that a "long passage of time" justifies a second or reopening of a deposition).

Page 4 – JOINT MOTION FOR ENTRY OF WRITTEN ORDER MEMORIALIZING COURT'S AUTHORIZATION OF DEFENDANTS' REQUESTED LIMITED DISCOVERY

4851-1160-6865v.3 0036234-000682          DAVIS WRIGHT TREMAINE LLP
                                          1300 S.W. Fifth Avenue, Suite 2400
                                          Portland, Oregon  97201-5610
                                          (503) 241-2300 main · (503) 778-5299 fax

discovery already served on Plaintiff by Defendants is deemed effective as of the

service date; and

3.      Conduct third-party discovery limited to the issues of Plaintiff's title in the subject

property and the closing of Plaintiff's loan.[4]

Moreover, given the difficulties Defendants have experienced in coordinating their

discovery efforts with Plaintiff thus far and in light of the lost time caused by Plaintiff's

objections, Defendants anticipate that additional time will be necessary to obtain and complete

the limited discovery described at the Status Conference and reiterated in this motion.

Accordingly, Defendants also request that the Court grant Defendants 60 days from the date of

its Order on this motion in which to conduct the limited discovery requested, respond to

Plaintiff's motion for summary judgment, and file their own cross-motions, if any.

## CONCLUSION

Defendants respectfully request that this Court enter a written order memorializing its

authorization of limited discovery as requested by Defendants at the September 22, 2017 Status

Conference.  Specifically, Defendants request that this Court enter an Order confirming and

providing that, notwithstanding any previous discovery or case deadlines, Defendants may:  (1)

take Plaintiff's deposition under Fed. R. Civ. P. 30(a)(2)(A)(ii) regarding Plaintiff's ability to

tender the balance of the loan funds, FNMA's assignee liability, and Plaintiff's alleged damages

(including standard deposition background questions to establish capacity, etc.); (2) issue written

discovery to Plaintiff regarding Plaintiff's ability to tender the balance of the loan funds,

Plaintiff's title in the subject property, FNMA's assignee liability, and Plaintiff's alleged

damages (with written discovery previously served by Defendants effective as of the date served

---

[4] After providing the other parties with the required notice, Chase served a subpoena duces
tecum on First American Title Company of Oregon, the title company that closed Plaintiff's
loan.  Plaintiff has not objected to that subpoena, but Defendants include the third-party
discovery in this request to avoid any future argument by Plaintiff asserting the subpoena was
not authorized.

4851-1160-6865v.3 0036234-000682          DAVIS WRIGHT TREMAINE LLP
                                    1300 S.W. Fifth Avenue, Suite 2400
                                    Portland, Oregon  97201-5610
                                    (503) 241-2300 main · (503) 778-5299 fax

on Plaintiff); (3) conduct third-party discovery regarding Plaintiff's title in the subject property
and the closing of Plaintiff's loan; and (4) have 60 days from the date of the Court's Order on
this motion to conduct the limited discovery, respond to Plaintiff's motion for summary
judgment, and file their own cross-motions for summary judgment, if any.

      DATED this 13th day of October, 2017.

MCCARTHY & HOLTHUS           DAVIS WRIGHT TREMAINE LLP

By: s/ John M. Thomas               By: s/ Kevin H. Kono
    John M. Thomas, OSB #024691      Kevin H. Kono, OSB #023528
    920 SW Third Avenue, First Floor    Kaley L. Fendall, OSB #093509
    Portland, OR 97204              Telephone: (503) 241-2300
    Telephone: (971) 201-3203        Facsimile: (503) 778-5299
    Facsimile: (971) 201-3202         kevinkono@dwt.com
    jthomas@mccarthyholthus.com     kaleyfendall@dwt.com

Attorney for Defendants IBM Lender Business    Frederick B. Burnside, OSB #096617
Process Services, Inc. (now known as Seterus)   Telephone: (206) 757-8016
and Federal National Mortgage Association     Facsimile: (206) 757-7016
                              fredburnside@dwt.com

                              Attorneys for Defendants
                              Chase Home Finance LLC and
                              Chase Bank USA, N.A.

4851-1160-6865v.3 0036234-000682     DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing **JOINT MOTION FOR ENTRY OF WRITTEN ORDER MEMORIALIZING COURT'S AUTHORIZATION OF DEFENDANTS' REQUESTED LIMITED DISCOVERY** on:

>Timothy Barnes
>590 South Greenwood Rd.
>Independence, OR 97351
>Telephone (503) 585-9517
>
>Plaintiff

by mailing a copy thereof in a sealed, first-class postage prepaid envelope, addressed to said plaintiff's last-known address and deposited in the U.S. mail at Portland, Oregon on the date set forth below; and on

>John M. Thomas
>McCarthy & Holthus
>920 SW Third Avenue
>First Floor
>Portland, OR 97204
>971-201-3203
>Fax: 971-201-3202
>Email: jthomas@mccarthyholthus.com
>
>Attorney for Defendants IBM Lender Business Process Services, Inc. (now known as Seterus) and Federal National Mortgage Association

by using the Electronic Court Filing Systems of the U.S. District Court of Oregon.

Dated this 13th day of October, 2017.

>DAVIS WRIGHT TREMAINE LLP


>By: s/ Kevin H. Kono
>　　　Kevin H. Kono, OSB #023528
>　　　Attorneys for Defendants
>　　　Chase Home Finance LLC and
>　　　Chase Bank USA, N.A.

4851-1160-6865v.3 0036234-000682

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax